·COBURN *v.* GILBERT.

Opinion delivered June 30, 1924.

1.  EVIDENCE—RELEVANCY.—In an action by a broker to recover a commission for procuring a purchaser of land, testimony of the broker relative to a prior partnership arrangement between himself and the principal for the sale of the same land and division of profits, introduced as a narrative of what occurred between them leading up to the contract for commissions, *held* competent.
2.  APPEAL AND ERROR — HARMLESS ERROR.— A judgment will be reversed for prejudicial error only.

Appeal from Saline Circuit Court; *T. E. Toler,* Judge; affirmed.

STATEMENT OF FACTS.

T. B. Gilbert sued J. A. Coburn in the justice court to recover $135, alleged to be the balance due him as commissions for the sale of two tracts of land belonging to the defendant.

The complaint was in writing, and contained two paragraphs. In the first paragraph it is alleged that the defendant employed the plaintiff to procure for him a purchaser for ten acres of land for $2,500, and agreed to pay him therefor a commission of five per cent. The plaintiff procured a purchaser under the contract, and thereby earned $125 as commissions. The defendant paid him $50, and refused to pay the balance of $75.

In the second paragraph of the complaint it is alleged that the defendant employed plaintiff to procure him a purchaser for five acres of land for $1,200, and agreed to pay him a commission of five per cent. No part of this amount has been paid, and the defendant owes him $60 for commissions for selling the five-acre tract.

The defendant filed an answer in which he denied owing the plaintiff anything. There was a verdict and judgment for the plaintiff in the justice court, and the defendant appealed to the circuit court. There T. B. Gilbert was the principal witness for himself. According to his testimony, J. A. Coburn was a prospective purchaser for the ten-acre tract for the sum of $2,500. The owner first asked $2,750 for it, and Coburn bought other land. Gilbert then sold the ten-acre tract to Dr. W. O. Tibbel for $2,500. About a month after his purchase, Dr. Tibbel authorized Gilbert to sell it for $2,000. Gilbert then went to J. A. Coburn and told him that he could get the place for $2,000, and sold it to him with the understanding that it was to be a partnership deal, and that they were to share equally the profits derived from a resale of it, and that Gilbert was to have the exclusive handling of it. Finally Coburn persuaded Gilbert to let him have the land for $2,000, with the privilege of selling it again for Coburn for a commission of five per cent. Gilbert then found a purchaser who was ready, able, and willing to pay $2,500 for the land. Coburn refused to sell, because he thought there was oil under the land. Coburn paid Gilbert $50 as commission, and refused to pay him any more. Gilbert also procured a purchaser for the five-acre tract at $1,200, and Coburn refused to sell it, because he thought there was oil under the tract. He refused to pay Gilbert any commission on this tract.

J. A. Coburn was a witness for himself. According to his testimony, Gilbert had agreed with him that, in case of a resale of the land, he would pay any tenant Coburn had on the land whatever was necessary to get rid of him. Gilbert refused to carry out his agreement

in this respect, and, for that reason, Coburn refused to let him sell the land. They finally compromised their differences in the matter by the payment of Coburn to Gilbert of $50. According to Coburn, this $50 was in full settlement of the matter. Gilbert denied this, and said that he only took it in part payment of his commissions.

The jury returned a verdict in favor of the plaintiff in the sum of $75, and from the verdict rendered the defendant has duly prosecuted an appeal to this court.

*Brouse & McDaniel,* for appellant.

*J. W. Westbrook,* for appellee.

HART, J., (after stating the facts). The sole reliance of the defendant for a reversal of the judgment is that the circuit court erred in admitting the testimony of T. B. Gilbert with reference to a division of profits upon a resale of the land. It appears that Gilbert bought the land from Coburn for $2,000. It was first agreed between them that the land should be resold, and that they should share equally in the profits. It is claimed by counsel for the defendant that the court erred in allowing this testimony to go to the jury. We do not agree with counsel in this contention. The evidence referred to was only admitted by way of leading up to the contract which was made between the parties, with reference to the commissions to be received by the plaintiff for a resale of the land for the defendant. The testimony in question was not admitted for the purpose of establishing the claim of the plaintiff for commissions, but only as a narrative of what occurred between them leading up to the contract they made. The plaintiff testified that the defendant finally persuaded him to take the agency for the sale of the ten-acre tract of land for a five per cent. commission. A written complaint was filed in the case, and the plaintiff only asks to recover the balance due him on a basis of a five per cent. commission for a sale of the ten-acre tract for the defendant. He procured a purchaser for this ten-acre tract for $2,500, and the defendant refused to sell. The plaintiff received $50 from the defendant, and

this would leave a balance due him of $75.  The jury returned a verdict for him in this amount, thus indicating that it believed the testimony of the plaintiff to the exclusion of that of the defendant.  No amount whatever was allowed the plaintiff for the sale of the five-acre tract.

The pleadings and the evidence introduced, when considered in connection with the verdict of the jury, show that it was in no wise misled by the evidence in question.  No prejudice could have resulted to the defendant from admitting the evidence, and it is well settled in this State that a judgment will only be reversed for an error prejudicial to the rights of the appealing party.

It follows that the judgment will be affirmed.