DUNN *v.* TURNER HARDWARE COMPANY.

Opinion delivered December 1, 1924.

1.  LANDLORD AND TENANT—BURDEN OF PROOF.—In an action of unlawful detainer, where the answer of the lessee alleged that the term of his lease was five years, the burden of proving it was on him.

2.  LANDLORD AND TENANT—SUFFICIENCY OF PROOF OF LEASE.—In an action for unlawful detainer, defendant's evidence *held* insufficient to prove an oral lease for five years.

3.  FRAUDS, STATUTE OF—SUFFICIENCY OF PLEA.—Where an answer in unlawful detainer set up an oral lease for five years, and alleged that plaintiff had leased the premises to a third person before expiration of defendant's lease, to defendant's damage in the sum of $500, plaintiff's reply, setting up the statute of frauds, was justified under Crawford & Moses' Dig., § 1205.

4. APPEAL AND ERROR—HARMLESS ERROR.—Where a lessor clearly
shows the rental value of his property to be that ordered to be
paid to him by the decree, the lessee is not prejudiced because
the court misnamed the award as "damage," instead of rents.

Appeal from Columbia Chancery Court, First Division; *J. Y. Stevens*, Chancellor; affirmed.

*Joe Joiner*, for appellant.

If a reply was a proper pleading in this case, it could not properly be introduced after once having been stricken out; but a reply was not proper. The answer contained no counterclaim or set-off. C. & M. Digest, §1205. The appellant therefore did not plead the statute of frauds, which, to be available, must be pleaded. 71 Ark. 302; 96 Ark. 505. See also 92 Ark. 392; 96 Ark. 184, 131 S. W. 460; 232 S. W. 590 (Ark.); 133 N. E. 56 (Ill.). The statute, C. & M. Digest, §4853, designates two items, damages and rents, for which judgment may be rendered against the defendant in an unlawful detainer suit; but here there was neither allegation nor proof of damages. The court therefore erred in adjudging damages against the defendant. If the plaintiff was entitled to rents, he should have been held to prove the reasonable market value of the lease during the time the building was occupied by the defendant. 110 Ark. 504; 102 Ark. 108; 75 Ark. 589.

*McKay & Smith*, for appellee.

An oral contract entered into between the parties for the lease of the building for a period of five years was within the statute of frauds, and void. In order to take the case out of the statute of frauds, appellant must have shown that he made valuable improvements on the building, or made substantial expenditures in the way of performance of the contract, independently of mere occupancy; and such expenditures must have been for permanent repairs which were contemplated by the terms of the contract between the parties. 137 Ark. 466; 117 Ark. 500; 112 Ark. 562; 55 Ark. 294; 79 Ark. 100; 81 Ark. 70; 91 Ark. 280.

2. It was immaterial that the chancery court, in giving judgment against the appellant, used the term *damages* instead of *rents,* since the uncontroverted evidence shows the rental value of the premises to be greater than the amount adjudged.

3. Not only should the decree be affirmed, but, in addition, the case being heard here *de novo,* appellee should have judgment here for double the rental value of the property since August, 1923. C. & M. Digest, § 6557; 74 Ark. 12

WOOD, J. This is an action by the Turner Hardware Company, a corporation, hereafter called appellee, against G. A. Dunn, hereafter called appellant. The action was begun at law in unlawful detainer to recover the possession of a portion of a brick building in the town of Magnolia. Appellee alleged that it was the owner of the building, and had rented a portion thereof to the appellant for a period of one year; that appellant's lease expired the first of January, 1922, and that appellant, after having legal notice to quit, had refused to deliver possession to the appellee; that, on account of the unlawful detention, appellee had been damaged in the sum of $1,500. Appellee prayed judgment for possession and damages.

The appellant, in his answer, admitted that the appellee is the owner of the building and that appellant had rented a portion thereof from the appellee, but denied that his lease expired January 1, 1922, and denied that he wilfully and without right detained the possession thereof. He alleged that he rented the building from the appellee in August, 1918, for a period of five years, under a contract that appellee would build the building to suit the needs of the appellant; that, in pursuance of the contract, appellant went into possession, and had performed his contract by paying all the rents due thereunder; that appellant had made certain improvements and arranged fixtures therein to suit his business, on the faith that he would be allowed to keep the building for a period of five years. Appellant specified in his

answer the kind of improvements that he placed in the building, which he alleged were fixtures and were installed at a great expense; that, if the appellant were denied the use of the building and forced to remove the fixtures, he would be damaged to the extent of the cost of these fixtures; that, since entering into the contract, the appellee had rented the building to another party, which fact had been made known through the public press, and damaged his business in the sum of at least $500. The appellant prayed that he be awarded the use of the premises for the remainder of his lease and that he have damages against the appellee in the sum of $500.

The appellee filed a pleading designated "Reply to the answer," in which he denied the allegations of the answer, and set up, among other things, that, if there was any contract between the appellee and the appellant for the lease of the building for five years, as alleged in the answer, the same was within the statute of frauds. The appellant thereupon moved to transfer the cause to the chancery court, and the cause was transferred to the chancery court. The amended answer set out above was thereafter filed, and time was given to take depositions. A motion was made thereafter to strike the reply to the answer from the files, which motion was sustained. On May 23, 1923, an adjourned day of the April term of the chancery court, the defendant filed his depositions, and also moved to quash the depositions that had been filed by the appellee. This motion to quash the depositions of the appellee was overruled on this day, and the appellant was then allowed ten days in which to take depositions, and the appellee given five days thereafter to take depositions in rebuttal.

On July 24, 1923, the same being the second day of the regular July term, appellee filed what it designated "Amendment to complaint and reply to answer," in which it set up that, "if there is any contract between the plaintiff and the defendant for the lease of this building, said contract is verbal and not in writing, and is therefore void by reason of the statute of frauds." The appel-

lant moved to strike this pleading from the files, and the court overruled the motion. The cause was then heard by the chancery court upon the pleadings, their exhibits, and the depositions of the witnesses. The court found, among other things: ''First, that, if there was an oral contract entered into between the plaintiff and the defendant for the lease of said building for a period of five years, it is void on account of the statute of frauds; second, that the burden of proof is upon the defendant to show by a preponderance of the testimony that he entered into said oral contract for the lease of said building for a period of five years; and that the defendant has failed to sustain said burden; third, that the plaintiff is entitled to possession of said building, and was at the time of the bringing of the suit, and that it has sustained damages on account of the detention of same by the defendant in the sum of $1,000.''

The court thereupon entered a decree in favor of the appellee against the appellant for the possession of the building, and also a judgment against the appellant and his bondsmen in the sum of $1,000 damages, with interest at the rate of six per cent. from the date of the decree. From that decree is this appeal.

1. The secretary and treasurer of the appellee, and also its vice president, testified to the effect that the appellee never entered into any contract with the appellant for the lease of this building for five years. The secretary and treasurer, who represented the corporation in negotiations, testified that appellee rented the building to appellant for a year. The testimony of the witnesses for the appellee was to the effect that they never heard of any five-year contract until the first of January, 1922, when they went to appellant to ascertain whether he was going to deliver possession of the building to them. One of the witnesses testified that, on the first of August, 1921, he went to appellant and asked him if he wanted the building for the year 1922, and told appellant that witness had an opportunity to lease it

if appellant did not want it, and appellant told witness to go ahead and lease it—that he could not use it.

The secretary-treasurer also told appellant that he (appellant) could lease the building from the first day of September, 1921, to the first day of January, 1923, and left it optional with appellant as to whether he would lease it from the first of September, 1921, or the first of January, 1922, and appellant told the witness to lease it from the first of January, 1922. After this conversation, witness entered into a contract with one Mitchell for the building for the year 1922, relying on appellant's statement that he didn't want it and would not use it. After witness had leased the building to Mitchell, he told appellant about it; that he had leased the building to Mitchell at $50 per month for the year 1922, and appellant replied that it was perfectly all right; that he was glad witness could get that for it, because it was more than he (appellant) could pay.

The vice president of appellee testified, corroborating the testimony of the secretary to the effect that he and the secretary had a conversation with the appellant in the fall of 1921, at the time they made the contract with Mitchell, and appellant stated that he didn't blame the witnesses for renting the building if they could get a higher rent; that he could not pay as much as $50 per month, the sum that Mitchell had agreed to pay.

On the contrary, the testimony of the appellant was to the effect that he rented the building in the pear 1918 for a period of five years at $35 per month. He first talked to the president of appellee in regard to the dimensions of the building, and then to the secretary. They would not agree to make the building as long as appellant wanted, but did agree to make it 40 x 50 feet, and, under that contract, appellant went into possession of the building, and went to an expense of $500 in putting in an ice-box and other fixtures to the amount of about $300, amounting in all to about $800; that he had entered into possession of the building on August 26, 1918, and had paid his rents regularly. Appellant denied that he

told the secretary of appellee that he did not want the building for five years. He didn't know they were trying to lease the building. The secretary and he were always joking, and the secretary was always telling the appellant that he was going to be put out. Appellant did not take this seriously, and did not agree to vacate January 1, 1922. He heard the building was leased to one Mitchell, but the officers of the appellee never told him so, and he paid no attention to the idle gossip. There was never anything said by the officers of the appellee to lead witness to believe that he had the building for five years. Appellant paid his rents to January 1, 1922, and offered to pay his rent in February and March of that year, but appellee refused to accept same.

On cross-examination appellant stated that the secretary of appellee went through the store and said, "I have leased this building for $50," and witness said, "That is all right," and witness didn't know until some time later that he meant it. Appellant was asked: "When Mr. Colquitt first mentioned it to you, in the summer or fall of the year 1921, I believe, you say you told him that you didn't know whether you would want it for another year or not? A. I told him I didn't know what I would do another year. Q. He told you that he wanted to know what you were going to do about the building for another year? A. I told him that I didn't know what I would be doing next year. Q. When he told you that he had a chance to rent it you told him that you did not know whether or not you would want it for another year? A. I told him I did not know what I would do—I might be in Halifax, or dead."

The appellant admitted that he was in possession of the building under a lease contract, but alleged that it was a contract for five years. The court therefore correctly found that the burden as to whether the contract was one for five years was upon the appellant. It occurs to us that the finding of the chancellor that the appellant had failed to sustain this burden is correct. There is a decided conflict in the evidence, as is shown

by the above, but certainly it cannot be said that the appellant had proved the contract as alleged, even if the statute of frauds was not properly pleaded.

2. We are convinced, from the record entries as above set forth, that the statute of frauds was properly pleaded. Appellant, in his amended answer, set up that the appellee, before the expiration of the lease contract with appellant, had entered into a lease of the building to one Mitchell, for the purpose of conducting a grocery store therein, which lease contract with Mitchell had damaged the appellant in the sum of $500, for which damage he prayed judgment. This pleading was in the nature of a counterclaim against the appellee, and justified it in filing a reply thereto under § 1205, Crawford & Moses' Digest.

The contention of the appellant that the statute of frauds was not pleaded by the appellee cannot be sustained. At the time this last pleading was filed by the appellee the cause had been transferred to the chancery court, and the court correctly overruled appellant's motion to strike the same from the files. Since the defense of the statute of frauds therefore was not waived by the appellee, the appellant cannot sustain his contention that there was an oral lease for five years unless he proved by a preponderance of the evidence facts which prevented the operation of the statute of frauds. While the appellant testified that he made certain improvements—that he built on to a portion that was already there, and fixed it with lattice work, and put in an ice-box, a platform in the rear on top of the partition, a cement block for his motor, a window display, and ventilators in front of the building, and power line to drive the motor—yet this testimony does not show that these were in the nature of permanent fixtures to the freehold. His testimony only shows that these improvements were made by him to conserve his own business interests. They were made for his own convenience and profit, and not to add any permanent value to the freehold. At least his testimony does not tend to

prove that these improvements were contemplated by the terms of the contract between himself and the appellee. We find nothing in the testimony to take the case out of the operation of the statute of frauds. Mere occupancy of the land and the payment of the rent for the period occupied were not sufficient. *Reichardt* v. *Howe,* 91 Ark. 280; *Phillips* v. *Grubbs,* 112 Ark. 562; *Storthz* v. *Watts,* 117 Ark. 500; *Garner* v. *Stanley,* 137 Ark. 446.

3. The uncontradicted evidence is that appellee was deprived of possession of its building. As we have seen, a preponderance of the evidence shows that the appellant's lease expired January 1, 1922. Appellant retained possession of the property from that time on till the trial of the cause, July 24, 1923. Thus appellee was deprived by appellant of the possession of its property for a period of one year and nearly seven months. Appellee had rented the building to Mitchell for the year 1922 at $50 per month, and there was evidence that the building could have been rented in 1923 for $60 per month, and that, at the time of the trial, the building had a rental value of $75 per month. The court entered a decree awarding the appellee possession and damages in the sum of $1,000. The appellant contends that a decree for damages is without evidence to sustain it; that the appellee failed to prove the market value of the lease; but we cannot agree with the appellant in this contention. The testimony above set forth does tend to prove that appellee's land had rental value during the time occupied by appellant of at least $1,000, and that appellant, in unlawfully withholding the lands from appellee and thus depriving it of the rents it would have obtained for the land, damaged appellee to the amount of these rents. It is wholly immaterial that the trial court, through a misnomer, designated the amount appellee was entitled to recover as "damages" instead of "rents." Appellee was entitled to recover of appellant, as the rental value of the lease, the sum of $1,000, and appellant is not prejudiced because the court designated this

amount as ''damages'' instead of ''rents.''   The consequence to appellant is the same.

4.  Appellee contends, on affirmance of the decree, that it is entitled to judgment against the appellant and his bondsmen in the sum of double the yearly rental value of the lands since the rendition of the decree, under § 6557, Crawford & Moses' Digest; but the facts of this record do not bring it within the provisions of that section.

The decree is in all things correct, and is therefore affirmed.