# HIRAMATSU v. MARYLAND INS. CO.

No. 4684.  Decided December 20, 1928.  (273 P. 963)

304

*Henry D. Moyle,* of Salt Lake City, for appellant.

*Irvine, Skeen & Thurman,* of Salt Lake City, for respondent.

STRAUP, J.

The plaintiff resided at Preston, Idaho. In May, 1924, he purchased from the Service Motor Company at Logan, Utah, a Lincoln sedan motor car under a title retaining contract which thereafter was assigned to Thatcher Bros. Banking Company of Logan. The contract called for $156.89 monthly payments, the last installment of which fell due November 6, 1925.

On May 9, 1925, and for one year thereafter, the defendant insured the plaintiff against loss or damage of his car caused by collision or upset. The policy, among other things, provided that the defendant should not be liable beyond the actual cash value of the property at the time any loss or damage occurred, and in no event for an amount in excess of what it would cost to repair or replace the automobile or such parts thereof as were damaged with other of like kind and quality, and that such ascertainment or estimate was to be made by the assured and the defendant, and, if they differed, then by appraisal as by the policy provided; that, in case the assured and the defendant failed to agree as to the amount of loss or damage, each, on a written demand of the other, was required to select a competent and disinterested appraiser, and the two appraisers a competent and disinterested umpire. The appraisers were required to appraise the loss and damage, and, if they disagreed, their differences were to be submitted to the umpire, who, with one of the appraisers concurring, could determine the amount of the loss or damage.

It is further recited in the policy that the automobile was delivered by the Service Motor Company of Logan, Utah, vendor, to the plaintiff, vendee, under a conditional sale contract under which there was, when the policy was issued, an unpaid balance of $2,824, and that any loss under the

policy due the plaintiff was to be paid to him "the Service Motor Company and Thatcher Brothers Banking Company as interest may appear." The policy further provided that the defendant should not be held to have waived any provision or condition of the policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal, and that no suit or action on the policy or for the recovery of any claim thereunder was sustainable in any court, unless the assured had fully complied with all of the requirements and conditions of the policy on his part to be complied with. On October 11, 1925, while the policy was in full force and effect, the automobile, while driven by the plaintiff on a highway in Idaho, was damaged in a collision. The automobile was thereafter brought to Logan, where it was inspected by the defendant, and later was sent by it to Salt Lake City for repairs.

In a complaint filed in the district court of Salt Lake county by the plaintiff against the defendant on November 18, 1926, he, among other things, alleged the issuance of the policy, the collision, and damage of the automobile; that the top, frame, chassis, and fenders were broken, bent, and damaged; that on November 25, 1925, the defendant and the plaintiff "entered into an oral agreement waiving the appointment of appraisers and an umpire" as provided by the terms of the policy, the "defendant on its part agreeing to repair and replace the broken and damaged parts of said sedan with other of like kind and quality pursuant to the terms and provisions of said policy of insurance," the "plaintiff on his part in full compensation and settlement of his claim under said policy of insurance agreeing to accept said sedan upon the completion of such repairs and replacements." It then is alleged:

"That defendant thereupon took said sedan and undertook the making of said repairs and replacements, and on or about April 1, 1926, tendered said sedan to plaintiff and demanded that plaintiff, as a condition precedent to the return of said sedan, sign a full release of all claim for damages under said policy of insurance. That

defendant failed to repair said sedan and replace the broken parts thereof pursuant to said terms of said policy of insurance in this, that at the time of said tender the doors, body, frame, chassis and fenders were in a broken, twisted, uneven and bent condition, the top thereof bent and uneven and the paint on the body uneven and patchy, and that because of defendant's said failure to make said repairs and replacements pursuant to the terms of said policy of insurance, and that because of the condition of the sedan aforesaid at the time of said tender, plaintiff refused to sign said release, and that defendant then and there refused to deliver said sedan to plaintiff or to make said repairs or replacements."

It is further alleged that the value of the sedan immediately before the collision was $3,700, but thereafter, by reason of the damage to it, was only $1,000, and that the cost of making the repairs and replacements as agreed on was: Cost of body and top, $2,175; cost of four fenders, $120; of new frame, $300; labor, $105; total $2,700. For this amount plaintiff demanded judgment.

The defendant by its answer admitted that it agreed to repair and replace the broken and damaged parts of the automobile with other of like kind and quality pursuant to the terms of the policy, and that the plaintiff had agreed to accept the automobile upon the completion of the repairs and replacements in full settlement of his claim under the policy. It further alleged that it undertook to comply with the terms of the policy, and denied that any agreement had been entered into waiving the appointment of appraisers or of an umpire, and, if any such agreement was entered into, it was without consideration or authority, and was void.

The defendant further alleged that, after it had undertaken to make the repairs and replacements, the plaintiff, on April 1, 1926, commenced an action against the defendant, in the trial of which the defendant introduced evidence to show that the repairs had not then been completed, and that the repairs and replacements could not be made and completed until certain parts had been obtained from the manufacturer, whereupon the action, on plaintiff's motion, was

dismissed; that, since this action was commenced, the broken parts had been fully repaired and replaced, and a tender made to the plaintiff of the automobile; that this action was brought prematurely, and that the former action was a bar to this; and that the plaintiff was not the only real party in interest, but that the Service Motor Company and Thatcher Brothers Banking Company also were real parties.

The defendant further alleged that, when this action was commenced, a prior action was pending in the same court wherein the plaintiff was plaintiff and the defendant George Barlow, doing business as the Detroit Metal Works, and the Social Hall Garage were defendants, wherein it was alleged that the plaintiff was the owner and entitled to the immediate possession of the automobile, and that the defendants wrongfully had converted and disposed of it to their own use, to plaintiff's damage in the sum of $2,000; the defendants Barlow and Social Hall Garage having been employed by the defendant to make the repairs and replacements on the automobile.

Upon these issues and a reply filed by the plaintiff the case was tried to a jury, who rendered a verdict in favor of the plaintiff for $2,225. From the judgment entered thereon defendant has prosecuted this appeal.

Numerous errors are assigned: That the complaint does not state a cause of action for a recovery of the value of replacements; that Thatcher Bros. Bankers and the Service Motor Company "were real parties in interest and not bound by the judgment"; a prior suit was pending; the action prematurely brought because brought prior to a tender and before and without an appraisal and arbitration; failure of proof of the alleged tender and of the alleged waiver of arbitration; that the verdict is excessive; and alleged errors relating to the charge and to the evidence.

It is contended the complaint does not state a cause of action because it seeks, as is claimed, to recover the difference between the value of the car before and after the colli-

sion, and that the only cause under the policy open to the plaintiff was to recover the value of the repairs and replacements. The complaint, among other things states that an agreement was entered into whereby the defendant agreed to make all necessary and proper repairs and replacements with like kind and quality; that, in pursuance thereof, the defendant undertook, but failed and neglected, to do so; the value of the car immediately before and after the collision; the total cost of the enumerated and necessary repairs and replacements; and that the defendant, notwithstanding it had failed to put the car in the condition it had agreed to do, demanded a full release and acquittance from the plaintiff of all claims and demands before surrendering up the car, which the plaintiff, because of the unrepaired condition, refused to do. We think a sufficient duty or obligation, and a breach or delict thereof, on the part of the defendant, with resulting injury, were sufficiently alleged to constitute a cause of action. Whether it is the kind of cause maintainable under the policy is not the determining factor in considering the sufficiency of the complaint, for one may state a good cause of action and yet may not be entitled to prevail on it.

It further is claimed the Service Motor Company and Thatcher Bros. Banking Company were real parties in interest. This because of the provision in the policy that any loss was to be paid to the assured, the Service Motor Company, and to the bank. The policy was not attached to the complaint, nor was the substance averred as to whom the loss was payable. That the Service Motor Company or the bank was a real or necessary party thus does not appear on the face of the complaint. The matter, however, is alleged in the answer. But it is insufficiently alleged, in that it is not alleged that either had any interest in the subject-matter of the action when it was commenced.

It is merely alleged that they "are real parties in interest." But not anything is, nor are there any facts, alleged to show wherein or in what particular either of them was a party

in interest when the action was commenced. That was essential if the defendant desired to tender an issue in such respect. Nor did the defendant ask that the Service Motor Company or the bank be made a party. It merely averred the conclusion that they were real parties in interest, and there rested the matter without invoking any action or asking any relief in such particular or without asking that either be brought in or required to set up its claim and have it adjudicated. The general demurrer did not reach it. No special demurrer was interposed, and, if one had been interposed, it would have been of no avail, for the point was not patent on the complaint. The defendant averring the matter in manner indicated, but invoking no action or asking any relief concerning it, presents no ruling for review, and thus shows no error or prejudice in the premises. The plaintiff says the evidence without dispute shows that, after the policy was issued, and long prior to the commencement of the action, he had fully paid the last installment of the purchase price of the car, and thus had discharged whatever lien and all interest the Service Motor Company and the bank had in or to the car. But that is no answer to the point under consideration. If in fact the Service Motor Company or the bank when the action was commenced had a lien on or an interest in the car, and by reason thereof, and to that extent, was entitled to payment of whatever loss was due the plaintiff, any adjudication on the matter, whether on undisputed or conflicting evidence, could not be binding on the Service Motor Company or the bank.

The defendant further contends the plaintiff should not prevail because of a prior pending action. The record shows two actions were commenced prior to this. The first, brought in April, 1926, on a partial trial, was dismissed by the plaintiff prior to the commencement of this action. It is not pointed out, nor do we see, wherein that the action became or constitutes a bar to this. We thus dismiss reference to it. The second action was commenced in July, 1926, against the defendant George Barlow doing business under

the name of the Detroit Metal Works and the Social Hall Garage. In that action it was alleged that the plaintiff, the owner of the car of the value of $2,000, was entitled to the immediate possession of it, but that the defendants unlawfully converted and disposed of it to their own use, to plaintiff's damage in the sum of $2,000. That action was pending and undetermined when this action was commenced in November, 1926. The defendant offered in evidence the record of the second and pending action. On plaintiff's objection the evidence was excluded. Complaint is made of that, and the principle invoked or urged that, where two remedies exist, and the one in whose favor they exist elects to proceed for the enforcement of one and institutes a proceeding therefor, he cannot avail himself of the other while such proceeding is pending. But the two actions are not for the same thing. They are for different causes, though growing or arising out of the same transaction. They do not involve or constitute mere remedies or an election of remedies. Admittedly the car was delivered to the defendant with the agreement that the defendant was to repair it and put it in as good condition as it was just before the collision. It is the plaintiff's contention that the defendant failed and neglected to put the car in such condition; that in April, 1926, the defendant, while the car was still defective, and not properly repaired, offered to turn it back to the plaintiff, but, on condition that he sign a release or acquittance releasing the defendant from all claims and demands, asserted that it would make no further repairs or replacements, and refused to surrender up the car until the plaintiff signed the release, which he refused to do because the car was not, as he claimed, repaired and put in condition as the defendant had agreed to do. The defendant, under plaintiff's view, failing and refusing to repair the car as it had agreed to do, had no right to withhold the car from him; that he thus was entitled to reclaim and possess it, and was also entitled to have the car put in as good condition as it was just prior to the collision or in dollars and cents to

be made whole for the loss sustained by him by reason thereof. Hence the two action; one to get possession of the car, the other compensation for the loss sustained because of the collision. We think the two causes different. Certainly, on plaintiff's theory, the defendant could not refuse to put the car in proper condition and at the same time withhold the possession of it from him. On plaintiff's theory of the faulty and inefficient repairs and of the defendant's refusal to make proper repairs, the defendant had no lien on the car for the defective repairs made by it. The plaintiff, under such circumstances, demanding the car back and reclaiming it, could not be regarded as having waived compensation for the loss sustained by reason of the collision. Plaintiff's right to demand and reclaim the car was not dependent upon the fact of whether the defendant had or had not properly or efficiently made the repairs. If, after he had surrendered the car to the defendant on an agreement that the defendant was to properly and efficiently repair it, the plaintiff demanded it back and received it before the defendant had opportunity or a reasonable time to so repair and condition it, such demand and reclaim might well be a defense to plaintiff's claim of the defendant's breach of contract to repair the car, but not as to his right to demand and repossess it. But, as presently will be seen, such proposition was taken care of by the charge; hence we perceive no prejudicial error in the refusal of the proffered evidence.

This brings us to the further point that the action was brought prematurely. This is claimed on the grounds (1) that it was brought before the defendant had opportunity to repair the car and before the defendant had tendered it back, and (2) before and without an appraisal and arbitration were had. As to the first, the evidence is in conflict. The plaintiff adduced evidence to show that the defendant, the last part of March or the first part of April, 1926, notified the plaintiff that the car had been repaired and was ready to be delivered back; that the plaintiff disapproved the repairs; that the defendant assert-

ed it woud not further make any except minor repairs of no consequence; and that the defendant in all events refused to deliver the car back until the plaintiff signed the release. The defendant denied any tender made at that time or that the repairs had been then completed, and gave evidence to show that, after the action was commenced, the defendant completed the repairs, and made the replacements in accordance with its agreement, but that it refused to deliver the car up until the release was signed by the plaintiff. As to that the court charged the jury that, if the defendant tendered the car to the plaintiff on or about April 1, 1926, and the plaintiff refused the tender, and that the defendant thereafter and prior to the commencement of the action undertook to further repair it and replace the broken parts in accordance with the terms of the policy, and that, before the defendant had completed the additional repairs and replacements and had tendered the car back this action was commenced, then it was prematurely brought, and the jury directed to render a verdict in favor of the defendant.

The second ground is equally untenable. After the collision had occurred, neither the plaintiff nor the defendant asked that the loss or damage be appraised or determined by appraisers or what could be repaired and what not, or what had to be replaced. The defendant, without asking or suggesting any appraisement, offered to repair and replace the broken and injured parts with like kind and quality and to put the car in as good condition as it was immediately before the collision. The plaintiff accepted the offer, and delivered the car over for such purpose. After repairs were made, a dispute arose as to the character, quality, and efficiency of them. The defendant contended the car was put in good and proper condition, refused to do anything more or make any further repairs or replacements, and demanded a release and acquittance before delivering the car back. The plaintiff contended the contrary, and refused to sign the release. No request or suggestion was made by the defendant that the dispute or controversy be

submitted to appraisers or to arbitration. According to the evidence on behalf of the plaintiff, the defendant but asserted it had done all it was going to do, and demanded the release and acquittance before the plaintiff could have the car back. Under such circumstances, the defendant is in no position to urge a want or a failure of an appraisal or of an arbitration.

Now, as to the questions of sufficiency of the evidence, the measure of the loss or damage and the amount of the verdict: The defendant urges that, inasmuch as the plaintiff consented to the repairs and replacements to be made by the defendant, the measure of the loss or damage was the difference between the value of the car as repaired and the value of it had the repairs been full and complete as agreed and undertaken by the defendant to be made, and that there was no evidence to show any such difference. The proposition ordinarily may be conceded when repairs so far as made are proper and efficient and may be utilized to an advantage and the car put in a proper condition by but making further or additional repairs or replacements. But here we again find a sharp conflict in the evidence. It is the contention of the plaintiff that the top, body, fenders, and frame of the car were so badly injured and broken as to be irreparable, and thus required replacements of new parts; that none of these were replaced, but only patched up, and defective work and repairs covered with paint, and that the old parts as replaced were of no service or value, and that to put the car in as good condition as it was just prior to the collision required a removal or discard of the defectively repaired parts and a replacement of them by new parts at a cost of $2,300. The plaintiff adduced some substantial evidence in support of the contention. The defendant adduced considerable evidence to the contrary, and to the effect that in some particulars replacements were made, but in the main the bent and broken parts were repairable, and that they were repaired in a good, workmanlike manner and the car put substantially in as good and

serviceable condition as it was before the collision. Upon this point the merits of the lawsuit largely depend. As to it the apparent weight of the evidence is in favor of the defendant. There, however, is sufficient competent evidence to support the contention of the plaintiff and to raise a substantial conflict in the evidence. The verdict rendered by the jury was for $2,225. Though we would have been better satisfied with a different or modified verdict, yet, on the record, we cannot say the verdict as rendered is so manifestly against the weight of the evidence as to indicate the jury misconceived or disregarded the evidence or the charge or acted through prejudice or bias, or that the trial court abused its discretion in refusing to grant a new trial on the defendant's motion.

The defendant requested the court to charge that, if the defendant had not completed the repairs and had not tendered the car as fully completed until after the commencement of the action, the verdict should be for the defendant. The court gave the request, but added, ■ "unless the defendant refused to complete the repairs." Complaint is made of what the court added on the ground that there was no evidence to show the defendant had refused to complete the repairs. We think there is evidence to show it had. And then it is doubtful if the defendant was entitled to a charge as requested. But, assuming it was, the request was not injuriously affected to the defendant's prejudice by what was added.

Complaint also is made of the charge that the parties, by entering into an agreement for the repair and replacement of the broken parts of the car, waived the right to have the damages or cost of the repairs fixed by ■ appraisers. On the record and for the reasons heretofore stated we think the direction as to such waiver was properly given.

Complaints are made of other portions of the charge and of rulings relating to evidence. We consider them rather

unimportant and the rulings complained of not of such character as calculated to induce or influence the verdict as rendered.

The judgment is thus affirmed, with costs to the respondent.

THURMAN, C. J., and CHERRY, HANSEN, and GIDEON, JJ., concur.