No. 16,889.

REED AUTO SALES *v.* EMPIRE DELIVERY SERVICE ET AL.
(254 P. [2d] 1018)

Decided March 16, 1953.

Messrs. SHUTERAN, ROBINSON & HARRINGTON, Mr. RICHARD L. BANTA, JR., for plaintiff in error.

Mr. GEORGE F. HARSH, Mr. WILLIAM J. ANDERSON, for defendants in error.

*En Banc.*

Mr. Chief Justice Stone delivered the opinion of the court.

We shall refer to plaintiff in error, plaintiff below, as Reed, or plaintiff; to defendant Empire Delivery Service, Inc., as Empire, and to defendant Pioneer Mutual Compensation Company as Insurer.

Reed alleged in each of the two claims embraced in the complaint that Empire was made defendant as provided by Rule 19 (a) R.C.P. Colo.; that Insurer executed a policy insuring Empire on a certain truck against loss by collision or upset for its cash value; that during the term of the policy said truck was totally destroyed by collision and upset; that Empire was the owner of said truck subject to a chattel mortgage to Reed providing that any loss is payable as interest may appear to the named insured and Reed, or assigns; that the value of the truck was in excess of the sum due Reed under the chattel mortgage; that upon due notice and proof of loss to Insurer and demand for payment, pursuant to the loss payable clause in said policy, Insurer failed and refused to pay.

Insurer, appearing separately, filed motion to dismiss, upon the ground that the complaint failed to state a claim against Insurer on which relief could be granted. The motion was sustained and final judgment of dismissal entered by the trial court.

In support of the judgment, Insurer contends that the "open" or "loss-payable" clause contained in Reed's mortgage does not create an independent contract between the mortgagee and the insurance company, citing Anno. 124 A.L.R. 1034, and especially relying on *Scania Insurance Company v. Johnson,* 22 Colo. 476, 45 Pac. 431, where this court said:

"The theory of the plaintiff, which seems to have been adopted by the trial court, was that the words, 'loss, if any, payable to Mrs. H. Johnson, as her interest may appear,' constituted the contract of insurance one directly

between the company and the mortgagee, by which her (the mortgagee's) separate interest in the property, and not that of the mortgagor, was insured. But this language has not such effect. It was the mortgagor's property and her interest therein which were insured, and the effect of the language quoted was merely an appointment of Mrs. Johnson to receive the amount of any loss that might occur. Any act of the mortgagor in violation of the terms of the policy against a sale thereof would defeat, not only the right of the mortgagor to a recovery, but also a recovery by the mortgagee.

\* \* \*

"This case is clearly distinguishable from that class of cases where the contract of insurance is held to be, by virtue of a so-called mortgage clause, — which, however, is absent from this policy, — an insurance of the interest of the mortgagee in the mortgaged property, as distinguished from the interest of the mortgagor; in which cases the mortgagee's insurance may not be invalidated by some act of the mortgagor which violates the conditions of the contract."

We approve of everything there said. It is not therein held or intimated that the mortgagee may not be a party plaintiff to enforce such a policy where its terms have not been violated; it is held only that a violation of the terms of the mortgage by the mortgagor defeats the rights of the mortgagee as well as those of the mortgagor.

Insurer does not deny, on the contrary it cites authorities supporting, the recognized rule that in states like Colorado, where actions are required to be prosecuted in the name of the real party in interest, suits should be prosecuted in the name of the mortgagee as the person appointed to receive the amount of the loss, under a policy containing a loss-payable clause, regardless of contract relations between the mortgagee and the insurer, *where the amount of the mortgage equals or exceeds the loss.*

Insurer's argument seems to be that where the mortgagor is the sole party in interest, the suit must be prosecuted in his name, and where the mortgagee is the sole party in interest, the suit must be prosecuted in his name; but where both are parties in interest, it cannot be maintained by either. Such conclusion has neither logic nor justice. The logical alternative is that, where both mortgagor and mortgagee are parties in interest, both should join in the suit. We need not determine whether it is always necessary to have both mortgagor and mortgagee joined in view of Rule 21 of our rules of civil procedure, providing that, "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action, and on such terms as are just." If it be necessary, plaintiff herein has complied with the requirement by joining the mortgagor as party defendant under Rule 19 (a), which provides, inter alia, that, "Persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, or his consent cannot be obtained, he may be made a defendant, or in proper cases, an involuntary plaintiff."

That this conclusion is supported by authorities in other jurisdictions, see, *Aetna Insurance Co. v. Ralls,* 200 Okla. 32, 190 P. (2d) 787; *Fuller v. United States Fire Ins. Co.,* 117 Kans. 282, 231 Pac. 53.

Judgment reversed and cause remanded for further proceedings in harmony herewith.