No. 17,742.

CENTENNIAL CASUALTY COMPANY *v.*
BERNETTA GAIL LACEY.
(295 P. [2d] 690)

Decided April 2, 1956.

Mr. JOHN F. MUELLER, for plaintiff in error.

Mr. E. CLIFFORD HEALD, Mr. LEON GINSBERG, Mr. VICTOR B. GINSBERG, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS action involves the liability of an insurance carrier to a car owner under the theft clause of an automobile insurance policy.

The parties appeared in reverse order in the trial court and we refer to them as they there appeared or by name.

Plaintiff Bernetta Gail Murley (Bernetta Gail Lacey at the time of commencing this action) purchased a 1941 Cadillac automobile on August 6, 1952, from a Denver dealer, which car was registered in her name alone. The original sales receipt, received in evidence, showed that she paid $612.85 as the total price, $150.00 of which was paid down. This left a balance of $462.85 which she financed by note and mortgage through the Associated Finance Company of Denver, sometimes referred to herein as "mortgagee."

Miss Lacey still owed a balance of $129.26 on the note when trial was had. She contended the vehicle had been stolen from her yard on September 25, 1952, was later found in California and sold there at her order for $85.00, which sum was $14.50 less than her total expenses of recovery. She testified that prior to the finding of the car by the police she had not sold or disposed of it to anyone, nor had she given her consent to its removal. She last saw the car parked in her yard in Denver on September 25th when she left for work. When

she returned on the same day it was gone, she thereupon notified the police, the finance company and the insurance company.

The insurance policy in evidence showed that the defendant Centennial Casualty Company of Denver, Colorado, insured the automobile for Miss Lacey on August 6, 1952, for a one year period. The pertinent parts of the policy are:

1. The coverage called "D-1 Theft (Broad Form)" which shows it insured against theft for actual cash value;

2. The loss payee clause which recites that coverage under D-1 and several others are payable "* * * as interest may appear to the named insured and Associates Finance Corporation and/or assigns."

3. The policy states under an "Exclusion" clause that it does not apply to the following (among other matters):

"(h) under coverages W, E-1, E-2, C, D-1, F-1, F-2 and G, while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy;

"(m) under coverages W and D-1, to loss due to conversion, embezzlement or secretion by any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage or other encumbrance."

After a trial to the court and the overruling of motions to dismiss made before and after defendant's presentation, based on absence of an alleged indispensable party, the court gave judgment for the plaintiff for $561.74 with interest from March 1, 1954, and the costs of suit. Motion for new trial was dispensed with.

Defendant, by writ of error, seeks a reversal on the following grounds:

1. That the trial court erred in failing to dismiss the case at the conclusion of plaintiff's evidence for her failure to prove a prima facie case.

2. That the trial court erred in rendering judgment in the absence of an indispensable party whose interest in

any theft loss insurance proceeds is joint with the plaintiff.

3. That the evidence is insufficient to support a finding and judgment for plaintiff under express exclusions in her insurance contract with defendant, and the court erred in finding for plaintiff and entering judgment thereon.

The evidence disclosed that the plaintiff had offered to sell her car to one Yoss, and prior to the theft had loaned him the car on several occasions and at least once had let him try it out with the idea of buying it. No proper evidence was produced to show that a sale had been made, or that on the day the car disappeared plaintiff had permitted Yoss to use it. Defendant attempted to show by his examination of witnesses that such was the fact, but failed to carry the burden of proof. Plaintiff denied both consummation of any sale and any right of Yoss to take the car without her permission. Yoss was later charged with the theft of the car but counsel for defendant failed to produce proper evidence of the criminal charge or the result of the trial of Yoss, or that any such trial was had.

The first question now properly before this Court is:

*Did the trial court err in failing to dismiss the case at the conclusion of plaintiff's evidence for alleged failure to prove a prima facie case?*

■ This question is answered in the negative. Plaintiff did show her ownership of the car; that she left it parked in her yard; that upon her return it was gone without her consent or knowledge. This is prima facie evidence of the theft of the car. It describes the usual way a car is stolen. It is parked by the owner and is gone when he returns. Generally the term "theft" as used in automobile insurance policies is interpreted broadly. *James v. Assurance Co.,* 75 Colo. 209, 225 Pac. 213.

The case of *Union Insurance Society v. Robertson,* 88 Colo. 590, 298 Pac. 1064, cited by defendant, is distin-

guishable on its facts, there being an implied permission in that case to use the automobile.

The second question to be decided is:

*Did the trial court err in rendering judgment in the absence of the mortgagee as a party to the suit? In other words was the mortgagee an indispensable party?*

This question is answered in the negative. In *Reed Auto Sales v. Empire Delivery Service,* 127 Colo. 205, 254 P. (2d) 1018, it was held that the holder of a chattel mortgage containing an "open" or "loss payable" clause on a truck of greater value than the amount of the mortgage may in case of loss thereof within the coverage of the policy prosecute an action against the insurer by joining an unwilling mortgagor as a party defendant. It was there said: "We need not determine whether it is always necessary to have both mortgagor and mortgagee joined in view of Rule 21 of our rules of civil procedure * * *." We now decide that point.

In the Reed case it was stated that "* * * in states like Colorado, where actions are required to be prosecuted in the name of the real party in interest, suits *should be* (italics ours) prosecuted in the name of the mortgagee as the person appointed to receive the amount of the loss, under a policy containing a loss-payable clause, regardless of contract relations between the mortgagee and the insurer, *where the amount of the mortgage equals or exceeds the loss.*" Further "* * * where both mortgagor and mortgagee are parties in interest, both *should join* in the suit." (Italics ours.) We note however that it was not said that all such parties had to be joined.

In the instant case the plaintiff is a "real party in interest" within the meaning of our rules. The alleged mortgagee's interest was severable. See Huddy, Cyclopedia of Automobile Law, Vol. 13-14, page 491, Sec. 391:

"The liability of an automobile insurance company on its policy issued to the owner and to the assignee of the purchase contract, who financed the purchase, 'as their

respective interests may appear,' *is several and not joint,* and the assignee may sue on his interest without joining the owner." (Italics ours.)

A fortiori the owner may sue on his interest without joining the assignee.

Rule 19 provides:

(a) "Subject to the provisions of rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, or his consent cannot be obtained, he may be made a defendant, or in proper cases an involuntary plaintiff."

"(b) Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to service of process, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them can be acquired only by their consent or voluntary appearance; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

■■ The cited rule 19 clearly shows subparagraph (a) modified by subparagraph (b), thus recognizing a difference between a *necessary* party and an *indispensable party.* We hold that the mortgagee, under the facts disclosed by the record in this case, was not an *indispensable* party, although as Rule 19 provides the judgment does not affect the rights of the absent non-party mortgagee. Had a proper showing or motion been made the trial court should, and no doubt would, have ordered the mortgagee to be made a party. However neither party chose to bring the matter properly to the court's attention. The complaint here did not state that the alleged mortgagee was a real party in interest and upon

the defendant then rested the burden to do something more than move to dismiss on the ground, without supporting facts, that the mortgagee had an interest in the subject matter when the action began. The plaintiff's testimony that she still owed something on the purchase price was not proof that the mortgage itself was still in effect. The car had been sold — presumably with the insurer's consent or at least its knowledge.

Rule 21 gives the trial court authority, even had the mortgagee been made a party, to later sever the mortgagee's and plaintiff's claims and to proceed with them separately. Thus the failure to join the mortgagee here is not fatal. Other courts have adopted a position compatible to the one we here announce. See *Hiramatsu v. Maryland Ins.*, 73 Utah 303, 273 Pac. 963; *Home Ins. Co. of N. Y. v. Williams*, 201 Ark. 460, 145 SW 2d 743; *Hirsch v. Glidden Co.*, 11 F.R. Ser. 19 b.1, page 383, Case 7, holding that partial assignees of an agreement of a plaintiff, though necessary parties, are not indispensable under Federal Rule 19 and failure to join is not fatal; *Capital Fire Ins. v. Langhorne*, 146 F. 2d 237; also see *Stratton v. Beaver Canal*, 82 Colo. 118, 257 Pac. 1077 stating that even if indispensable parties are omitted it does not raise a question of jurisdiction.

The third question to be decided is:

*Was the evidence sufficient to support the finding and judgment for plaintiff due to the express exclusion in the insurance contract?*

This question is answered in the affirmative. The transcript shows that the plaintiff made a prima facie showing of theft as well as a prima facie showing of value and damages due to the theft. Defendant's motion to dismiss was properly denied when first made. The record shows that defendant failed to carry its burden and failed to overcome the plaintiff's evidence. We see nothing in the record to show an abuse of discretion by the trial court. The court found that there is

no showing that the policy exclusions apply here and we agree.

As to the amount of the judgment, defendant objects to it saying it "is entirely erroneous and completely without support in the evidence." We do not agree. *(Home Ins. Co. of N. Y. vs. Williams, supra.)* Plaintiff proved by her Exhibit B that she paid $595.00 for the car plus $17.85 sales tax, or a total of $612.85. There was also testimony by plaintiff that the car was worth $790.00. She also showed a loss suffered on the sale of the salvaged car in California of $14.50. The car was purchased August 6, 1952, and stolen September 25, 1952 — only some 50 days later. We cannot say that an award of $561.74 is unreasonable when the record shows that no evidence was offered by the defendant to refute the claimed damages. It is not shown whether the trial court made a deduction of the amount alleged to be due to the mortgagee.

The judgment of the trial court is affirmed.