## PURVIS *v.* ERWIN.

### Opinion delivered February 9, 1925.

1. FRAUDS, STATUTE OF—NECESSITY OF PLEADING.—Where in a suit for specific performance, plaintiff based his suit on an alleged written contract, the making of which defendant denied, and plaintiff sought to prove an oral contract, he was required to show that such oral contract was binding, although defendant did not plead the statute of frauds.

2. FRAUDS, STATUTES OF—PART PERFORMANCE.—In the case of a verbal contract to sell land, proof merely that $100 was deposited by defendant's interest as earnest money, and that plaintiff mailed to him an abstract of the title to the land was insufficient part performance to take the case out of the statute of frauds.

Appeal from Prairie Chancery Court, Northern District; *A. L. Hutchins,* Chancellor; reversed.

*Craig & Wimmer,* for appellant.

Appellee failed to prove a contract in writing and the case falls within the statute of frauds. Part payment of purchase money on an agreement for the sale of lands is not of itself sufficient ground to maintain a bill for spe-

cific performance. 21 Ark. 533; 44 Ark. 334; 136 Ark. 326; 141 Ark. 458. See also 102 Ark. 679; 144 Ark. 269.

*Cooper Thweatt,* for appellee.

Appellee did all that was required of him when he sent the abstract and stood ready to execute and deliver the deed. 13 C. J. 649. Tender of the deed was waived by the conduct of W. S. Griffith when he notified apellee that he would not perform the contract. 91 Ark. 30; 93 Ark. 269; 130 Ark. 378; 39 Cyc. 1542. The principle is similar to that in 53 Ark. 501; 77 Ark. 51, and 94 Ark. 95, insurance cases, holding that a defect in or failure to supply proof of loss is waived by denial of liability or refusal to pay, based on grounds other than failure to furnish the proof. An oral contract was proved without objection. The effect is a waiver of the statute of frauds. 27 C. J. 374; 92 Ark. 392.

HUMPHREYS, J. This is a suit for specific performance of a contract to sell land. It was alleged in the bill filed in the Northern District of the Chancery Court of Prairie County by appellee against W. S. Griffith, in his lifetime, that he entered into a written contract with W. S. Griffith for the sale of certain real estate in said county, which contract was signed by both of them, whereby it was agreed that W. S. Griffith should pay appellee $1,600 for the tract of land, of which $100, as earnest money, was deposited in the bank at Des Arc; and that the balance was to be paid one-third cash, one-third in one year, and one-third in two years, with interest at the rate of 8 per cent. per annum; that W. S. Griffith breached the contract by refusing to perform same, and that appellee sustained damages in the sum of $600 on account of said breach. The bill contained an alternative prayer for specific performance or for damages.

W. S. Griffith was a nonresident, and had $600 on deposit in the Bank of Des Arc, which was attached in the suit. W. S. Griffith died after the institution of the suit, and the cause was revived in the name of V. O. Purvis, as special administrator of his estate, who filed

an answer  denying the execution of the contract and praying for the return of the $600 which had been paid.

The cause was submitted upon the pleadings and testimony introduced by the parties, which resulted in a decree for specific performance, or, in lieu thereof, a judgment for damages in the sum of $600.

From that judgment an appeal has been duly prosecuted to this court.

The record reveals that the contract of sale and purchase of the land was verbal; that $100 was deposited in the bank at Des Arc, as earnest money; that appellee was to mail Griffith an abstract of title to the land, which he did; that Griffith agreed to return to Arkansas and close up the deal by accepting a deed, paying one-third of the purchase price to appellee in cash and executing notes and mortgages to him for the balance of the purchase money; that subsequently he became ill, and refused to return and consummate the deal.

Appellant contends for a reversal of the decree upon two grounds: first, that the contract was within the statute of frauds and not enforceable; and second, that the partial performance did not take the case out of the statute of frauds.

Appellee contends that appellant waived the statute of frauds as a defense by failing to plead the statute or to object to the testimony proving an oral contract; and also contends that the partial performance was sufficient to take the case out of the statute of frauds.

(1).    It was unnecessary to plead the statute of frauds to obtain the benefit thereof in the instant case. Appellee based his suit upon a written contract, the execution of which appellant denied; however, it devolved upon appellee to prove a valid contract in order to recover. *McCorkle* v. *H. K. Cochran Co.*, 144 Ark. 269; *Cook* v. *Cave*, 163 Ark. 407; *Chicago Mill & Lbr. Co.* v. *Matthews*, 163 Ark. 571. When appellee shifted the proof from the alleged written contract to the establishment of a verbal contract, it was incumbent upon him to show that

the verbal contract was binding and enforceable upon appellant's deceased.

(2). Appellee attempted to show that the verbal contract was binding and enforceable by showing a partial performance thereof. He introduced testimony revealing that $100 was deposited by appellant's intestate, as earnest money, and that he mailed him an abstract of title to the land. This was not a sufficient partial performance to take the case out of the statute of frauds. *Moore.* v. *Gordon,* 44 Ark. 334; *Stanford* v. *Sager,* 141 Ark. 458.

On account of the error indicated the decree is reversed, and the cause is remanded.