READY *v*. OZAN INVESTMENT COMPANY.

4-3750

Opinion delivered March 4, 1935.

O. A. Featherson and W. O. Cromwell, for appellants.

James B. McDonough and McRae & Tompkins, for appellees.

MEHAFFY, J. On April 3, 1860, Andrew J. Hutson, Sr., acquired title to the SE¼ of the SE¼ of section 2, township 9 south, range 26 west, in Hempstead County, Arkansas. Some time during the Civil War the said Andrew J. Hutson died, owning said land, and leaving sur-

viving him as his sole heir at law, his son Andrew J. Hutson. Andrew J. Hutson, the son, died intestate in the State of Texas in the year 1900, leaving surviving him Louretta Hutson, his widow, who afterwards by marriage became Louretta Ready, and also John Hutson, Mary Elliott, Margaret Ready, Earl Elliott, Fay Hutson and Jack Hutson, his only surviving heirs at law. After the death of Andrew J. Hutson, Jr., his daughter May Elliot died, leaving Fay Elliot her sole surviving heir at law, and his daughter Margaret Ready died leaving surviving her, Charles R. and Lex Ready.

On April 15, 1910, John Hutson and his wife, E. M. Hutson, conveyed their interest in said land to the Ozan Lumber Company, and on April 20, 1910, Louretta Ready conveyed her interest in said land to the Ozan Lumber Company.

On October 24, 1910, the Ozan Lumber Company brought suit against the heirs in the Hempstead Chancery Court for partition of said above-described land. Some of the heirs were minors, and a guardian *ad litem* was appointed for them, and filed answer denying the allegations of the complaint.

An attorney *ad litem* was appointed for the nonresident defendants. The attorney *ad litem* filed a report, and the court, on March 7, 1911, entered a decree to the effect that each and all of the defendants had been duly constructively summoned, and finding also that the Ozan Lumber Company, by virtue of its deed from John Hutson and wife, was the owner of an undivided one-sixth interest. The court also found that the Ozan Lumber Company had paid the taxes on said lands, and that said lands could not be divided among the heirs, and a sale was ordered to be made by a commissioner, appointed by the court.

On May 5, 1911, the commissioner filed his report of sale showing the land had been sold to the Ozan Lumber Company for the sum of $100. The report of sale was examined and approved by the court, and the commissioner ordered to execute deed to the purchaser. A deed was executed and approved by the court. Distribution was then made to the heirs.

On September 23, 1933, this suit was filed by Lex R. Ready, Charles H. Ready, J. L. Elliot, Jack Hutson, and L. A. Mills, against the Ozan Lumber Company and the Kansas City Southern Railway Company.

Thereafter on October 19, 1933, the Ozan Lumber Company filed a disclaimer, and the plaintiffs then filed amendment to their complaint, substituting the Ozan Investment Company for the Ozan Lumber Company. The Ozan Investment Company filed a motion to require plaintiffs to make their complaint more definite and certain. This motion was sustained by the court, and plaintiffs thereafter filed an amendment to their complaint for the purpose of making their complaint more specific and certain.

The Ozan Investment Company, on March 19, 1934, filed a demurrer to plaintiff's complaint, as did also the Kansas City Southern Railway Company. Plaintiffs then, on May 18, 1934, filed a petition for joinder of parties plaintiff. On the same day the court sustained the demurrer, dismissed the complaint and amendment, and this appeal is prosecuted to reverse the judgment of the court in sustaining the demurrer.

This suit is brought under the fourth subdivision of § 6290 of Crawford & Moses' Digest. This section authorizes the court to vacate or modify a judgment after the expiration of the term of court, "for fraud practiced by the successful party in obtaining of the judgment or order."

Section 6292 of Crawford & Moses' Digest provides that under § 6290, proceedings to vacate or modify the judgment or order "shall be by complaint verified by affidavit setting forth the judgment or order, the grounds to vacate or modify, and the defense to the actions, if the party applying was defendant. On the complaint, a summons shall issue and be served, and other proceedings had, as in an action by proceedings at law."

The material allegations in the complaint are that Andrew J. Hutson was the owner of the land described, and that the plaintiffs are his lawful heirs; that said land was sold for $100 by order of the chancery court sometime in 1911; that at the time of the sale it was known

by the Ozan Lumber Company to be valuable for its deposits of commercial gravel; that said sale was made for $100, a price so inadequate as to shock the conscience of a court of equity, and that the same was made with the intent and for the purpose of getting title to the valuable bed of gravel; said purchasers knowing at the time that millions of tons of gravel were immediately salable at a good market price; that the plaintiffs at the time of the sale were minors, and had no knowledge of the court actions; that, since being apprised of the sale, the plaintiffs acted with diligence in bringing the suit.

It will be observed that all these are general allegations, and that there are no facts stated constituting fraud. A demurrer only concedes facts well pleaded. "A demurrer admits only those facts which are well pleaded." *Hudson* v. *Simonson,* 170 Ark. 243, 279 S. W. 780; *House* v. *Road Imp. Dist. No. 2,* 158 Ark. 331, 251 S. W. 12; *Brown* v. *Ark. Central Power Co.,* 174 Ark. 177, 294 S. W. 709.

The Supreme Court of the United States said: "Only facts well pleaded are confessed." *Pierce Oil Corp.* v. *City of Hope,* 248 U. S. 498.

The appellants rely on their allegations of fraud. "But a general allegation to that effect is not sufficient. The complaint must allege facts upon which the conclusion is based." *Finch* v. *Watson Inv. Co.,* 184 Ark. 312, 42 S. W. (2d) 214. In the instant case there are no allegations or statements of facts constituting fraud.

This court has said: "The law is settled that the fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed. It must be a fraud practiced upon the court in the procurement of the judgment itself." *Parker* v. *Sims,* 185 Ark. 1111, 51 S. W. (2d) 517.

Again it was said in the last-mentioned case: "The statute to vacate judgments by this proceeding is in derogation, not only of the common law, but of the very important policy of holding judgment final after the close

of the term. Citizens must have confidence in the judgments of our official tribunals as settlements of their controversies, and there should be some end of them. Unless a case be clearly within the spirit and policy of the act, the judgment should not be disturbed.''

There is no allegation in the complaint in this case that there was any fraud practiced on the court. While the petition alleges fraud and deceit and many irregularities, there is no allegation setting forth facts sufficient to show that any fraud was perpetrated against the court in the rendition of its decree of partition.

The record shows that the decree which appellants seek to set aside was rendered in 1911, more than 20 years ago. It is true that they allege that they have used due diligence. However, they allege no facts constituting diligence, and the complaint in this particular is therefore insufficient. Moreover, the statute requires that the complaint must be verified. There is no evidence in the record tending to show that the complaint was verified.

Plaintiffs allege that one of the heirs was 23 years of age when the suit was brought. The section under which the suit is brought however, provides in subdivision 8, ''for errors in judgment shown by an infant in 12 months after arriving at full age as prescribed in § 6277.'' It will be observed that, in suits to set aside a judgment against an infant, the suit must be brought within 12 months after he attains majority, and, if not brought within that time, his action is barred, the same as the action of an adult person. Therefore, not having been brought within 12 months after he became of age, he must rely on the same allegations that the other plaintiffs rely on. In other words, his suit, after the 12 months has expired, is governed by the same principles of law that govern suits by adults. There is no allegation in the complaint as to why they were not informed, no allegation as to how they received information, and no statement as to what they did constituting diligence.

Appellants call attention to numerous authorities that discuss fraud. We do not discuss them however, because the lower court was justified in sustaining the de-

murrer, first, because the complaint was not verified,* second, because no facts were pleaded showing fraud, and third, because there were no statements of facts constituting diligence.

It is also true that there is no allegation of a defense to the original action. While the statute of limitations as a general rule cannot be raised by demurrer, yet where the complaint on its face shows that the cause of action is barred, a demurrer should be sustained.

We find no error, and the decree is affirmed.