TATE v. CLARK.

4-6509

156 S. W. 2d 218

Opinion delivered December 1, 1941.

*Longstreth & Longstreth,* for appellant.

*John F. Park, Edward Bennett* and *John W. Atkinson,* for appellee.

HUMPHREYS, J. Appellant brought suit in the chancery court of Pulaski county against appellee, A. J. Clark, on the 16th day of January, 1941, for specific performance of a written contract to convey certain land, or, if for some reason, specific performance should not be possible, that appellants have a judgment against appellee for damages in the sum of $5,000.

The alleged written contract is set out in the body of the complaint and is as follows:

"Little Rock, Arkansas,
"December 28th, 1940.

"I hereby accept from B. E. Tate twenty-five dollars ($25) as down payment on property located at 705 East 5th St., lots one and two, City of Little Rock, Arkansas. Balance of $425 to be paid when abstract and deed and all records are cleared and O.K.'d by B. E. Tate's atty.

(signed) A. J. Clark.

"Witnesses:

"S. K. Reid, Jr.

"Margaret Fields."

Appellee, A. J. Clark, filed an answer denying the material allegations in the complaint and alleging that the purported contract dated December 28, 1940, was and is void and unenforceable on account of being vague and uncertain in its terms.

On February 26, 1941, appellant filed an amendment to the complaint making S. L. Todhunter a defendant alleging that appellee executed a deed to said land to

S. L. Todhunter on January 14, 1941, with knowledge on Todhunter's part that appellee had theretofore contracted to sell said land to appellant, and through fraud and conspiracy with others had induced and forced appellee to convey said land to Todhunter.

S. L. Todhunter filed a separate answer to the complaint and amendment thereto denying each and every material allegation in the complaint and amendment except the allegation that A. J. Clark had conveyed said land to him on January 14, 1941.

The prayer in the complaint and amended complaint was for specific performance of the contract or, in the alternative, for damages if for any reason specific performance of the contract could not be adjudged.

The prayer of the answers was that the complaint and amended complaint be dismissed.

The court, based upon the issues joined in the pleadings, testimony introduced and exhibits, rendered and entered a decree dismissing the complaint and amendment thereto for want of equity at the cost of appellant, from which decree is this appeal.

The decided weight of the testimony in the record is to the effect that no conspiracy was entered into by S. L. Todhunter and others to induce or force appellee to execute a deed to said property to S. L. Todhunter after appellee had entered into the alleged contract to sell said property to appellant. The great weight of testimony is also to the effect that S. L. Todhunter knew nothing about the contract existing between appellant and appellee relative to the sale and purchase of the property, at the time appellee sold same to S. L. Todhunter. In other words, the record reflects by the great weight of the evidence that S. L. Todhunter was an innocent purchaser of the property for a valuable consideration from appellee and for that reason, if no other, the specific performance of the contract could not be adjudged by the court.

But the alleged contract between appellant and appellee was void and unenforceable because it did not meet the essential and necessary requirements of a valid con-

tract for the sale of real estate, within the statute of frauds. To have done so it must have embraced the terms and conditions of the sale and it must have been a mutual contract. By reference to the contract it will be seen that it is unilateral or one-sided.

At the time the contract was executed there was a large HOLC mortgage against the property and also there were taxes and other liens against it which had not been paid. According to the oral evidence introduced, the parties were not in agreement as to whether these payments for back dues to the HOLC, liens for taxes, etc., were to be paid out of and deducted from the $425 or whether appellee was to receive the $425 net for his equity in the property. There was no assumption or agreement in the contract on the part of appellant to pay as a part of the consideration the mortgage against the property in favor of the HOLC. In other words, the alleged written contract did not embrace the conditions and terms of the alleged sale. This court ruled in the case of *St. L., I. M. & S. Ry. Co.* v. *Beidler,* 45 Ark. 17, that, quoting syllabus 1: "A memorandum of a transaction for the sale of land which does not show the terms and conditions of the sale, the price to be paid and the time for payment is not sufficient to satisfy the requirements of the Statute of Frauds."

As stated above, the alleged written memorandum of the contract does not embrace all the terms and conditions of the alleged sale without resorting to extrinsic evidence and is, therefore, prohibited by the statute of frauds and void. Being void and unenforceable for the reason that it is indefinite and uncertain as to the terms and conditions of the sale, damages cannot be recovered for a breach thereof.

The doctrine announced in the case of *St. L., I. M. & S. Ry. Co.* v. *Beidler, supra,* has been often reaffirmed by this court, and the case was specifically cited and reaffirmed in the case of *Briggs* v. *Frazer,* 157 Ark. 518, 249 S. W. 9.

No error appearing in dismissing appellant's complaint and amended complaint without equity, the decree of the trial court is affirmed.