SCHUMAN v. HUGHES.

4-6536                                    156 S. W. 2d 804

Opinion delivered December 15, 1941.

*James O. Ward* and *O. T. Ward,* for appellant.

*Booker & Booker,* for appellee.

HOLT, J. February 26, 1940, appellees, plaintiffs below, filed suit to cancel a state tax deed issued to appellant, Manie Schuman, to the following described property: "The . east thirty-three and one-third feet (E 33 1/3 ft.) of lots one, two and three (1, 2, 3), block thirty (30), Wright's Addition to the city of Little Rock, Arkansas." The complaint contained seventeen different grounds for avoiding the tax sale, any one of which, if established, would have been sufficient to vitiate the sale.

March 11, 1940, appellants answered, denying every material allegation in the complaint, and by way of cross-complaint set up an alleged sale contract between appellants and appellees whereby appellees agreed to purchase the property in question from appellants and prayed for specific performance thereof. There was also pleaded the additional defense that the property described in the complaint was included in a confirmation suit then pending in the Pulaski chancery court styled *"State of Arkansas* v. *Delinquent Lands,"* and that appellees had failed to comply with the provisions of § 6 of act 119 of

the Acts of 1935 by making necessary the tender required thereunder.

Upon a hearing, the trial court found the issues in favor of appellees, the tax sale was declared void, appellants' tax deed was canceled, and their prayer for specific performance of the alleged contract of appellees to buy the property from appellants was denied. This appeal followed.

Appellants seek reversal, first, on the ground that appellees failed to prove ownership of the property in question. We think this contention untenable. Without objection, appellee, Charley Hughes, was permitted to testify that he was the owner of the property in question, having bought it from the People's Building & Loan Association in 1924, and that the deed to the property was made to him and his wife, Hattie Hughes, and that they have possessed and occupied the property since its purchase. As indicated, appellants did not object to this testimony, they offered no testimony to refute it, and no request was made that appellees produce, as the best evidence, their deed to the property. Certainly this testimony at least is sufficient to give appellees color of title and the right to redeem.

Appellants next insist that although appellees allege in their complaint, many irregularities in the tax sale, they failed to make proof of any such irregularities, or irregularity, as would avoid the sale.

It is conceded that the property forfeited to the state for the nonpayment of the 1936 taxes, and that there was pending in the Pulaski chancery court at the time the instant case was filed, a suit by the state to confirm its title to the property here in question, along with other property. Upon a careful review of the record before us, we have reached the conclusion that the preponderance of the testimony supports the chancellor's finding that appellants conceded at the trial of this cause that the tax sale here involved for the nonpayment of the 1936 taxes was void.

During the trial the court directed the following question to appellants' counsel, Mr. Ward: "You ad-

mit that the tax sale was void? Mr. Ward: I wouldn't admit it, but I think the court has held— Court: Yes. Well, proceed with the testimony.'' We think the effect of counsel's statement was to concede the invalidity of the tax sale, and that the learned chancellor so understood and construed it, and such was the understanding of appellees and, therefore, they were led to believe that it was not necessary for them to introduce proof on the invalidity of the tax sale, and acted accordingly.

The tax sale being void (for any reason) appellees, the owners, upon proper tender to the clerk of the court of the amount of the taxes, penalty and costs, for which the land was forfeited to the state, in compliance with the provisions of § 6, act 119 of 1935 would have the right to redeem. The trial court found that appellees had made the required tender under act 119 and upheld their right to redeem, and we think this holding was not against the preponderance of the testimony.

Appellants finally insist that error was committed by the trial court in refusing their prayer for specific performance of an alleged oral agreement of appellees to purchase the property from appellants after appellants' purchase from the state. Appellees denied in effect that any such agreement was entered into. Appellant, Manie Schuman, testified that Charley Hughes had made an oral agreement with him to purchase the property for a consideration of $250, and that Hughes paid him $5 on the purchase price at the time the agreement was entered into, and that the balance was to be paid at the rate of $5 per week until $50 was paid and the balance at the rate of $10 per month, without interest. Witness put in evidence the following receipt: ''Property taxes. Feb. 16, 1940. Received from Charley Hughes—Five—dollars on acct. 1113 W. 9th St. $5.00. Balance $245.00. W. M. Kaplan.'' W. M. Kaplan, whose name appears on the receipt, is the son-in-law of Manie Shuman.

It is our view that the preponderance of the testimony is to the effect that no oral contract was entered into by Hughes with Schuman whereby appellee, Hughes, agreed to purchase from Schuman. The receipt or

memorandum, *supra*, may not be relied upon to enforce specific performance of the alleged contract to sell for the reason that it does not embrace the terms and conditions of the alleged sale, the time and method of payment, and, therefore, is not sufficient to satisfy the requirements of the Statute of Frauds, § 6059 of Pope's Digest, and is unenforceable.

This court in *St. L., I. M. & S. Ry. Co.* v. *Beidler,* 45 Ark. 17, held, quoting first headnote: "A memorandum of a transaction for the sale of land which does not show the terms and conditions of the sale, the price to be paid and the time for payment is not sufficient to satisfy the requirements of the Statute of Frauds." See, also, the recent case of *Tate* v. *Clark, ante,* p. 231, 156 S. W. 2d 218.

On the whole case, finding no error, the decree is affirmed.