PERRIN *v.* PRICE.

4-7964                          196 S. W. 2d 766

Opinion delivered October 21, 1946.

*George M. Booth,* for appellant.

*Schoonover & Steimel,* for appellee.

HOLT, J. The court below sustained a general demurrer to appellant's complaint. He refused to plead further, and from the decree dismissing his complaint for want of equity comes this appeal.

We have many times said that in testing the sufficiency of a complaint on demurrer, all allegations therein, that are well pleaded, are admitted to be true. *Oliver* v. *Western Clay Drainage District,* 187 Ark. 539, 61 S. W. 2d 442; *Ready* v. *Ozan Investment Company,* 190 Ark. 506, 79 S. W. 2d 433; and *Herndon* v. *Gregory,* 190 Ark. 702, 81 S. W. 2d 849, 82 S. W. 2d 244.

It is also the settled rule that: "The defense of the statute of frauds may be raised by demurrer to a complaint whose allegations disclose a contract falling within the terms of the statute." *Stanford* v. *Sager,* 141 Ark. 458, 217 S. W. 458 (Headnote 3).

The material allegations of the complaint were that appellees, Clifford Price and Herbert H. Price, were the duly qualified and acting co-executors under the will of John W. Price, deceased; "That part of the assets of the said estate consisted of the following real property located in the northern part of the city of Pocahontas, Arkansas, to-wit: Block sixteen (16) and the west part of block fifteen (15), Dalton's Addition to the town of Pocahontas; that said blocks and lots lie in the north part of Pocahontas, Arkansas, and are known as the price Pasture Lots.

"That on the 15th day of March, 1945, the said co-executors then and there having authority to make private sale of the lots aforesaid and as set out herein, under a power contained in the aforesaid last will and testament of the said J. W. Price, as aforesaid, entered into negotiations with this plaintiff aforesaid, and while acting in their capacity as such co-executors as aforesaid, whereby the defendants sold to this plaintiff for a consideration of the sum of $1,500 the lands herein described, and the plaintiff herein paid the defendants as co-executors as aforesaid on the purchase price of said land and lots the sum of $100, leaving a balance of $1,400; that upon payment of the said $100 as aforesaid, the defendant, Clifford Price, while acting as co-executor and under the power contained in the said last will and testament, executed a receipt and contract of sale in writing to this plaintiff, showing the consideration, amount paid, and a

description of the property conveyed''; that appellant ''has tendered to the defendants (appellees) and now tenders to them the sum of $1,400, but that the defendants refuse to accept the same and also refuse to execute and deliver to him a deed of conveyance to said property.''

The will, which was made an exhibit to and a part of the complaint, provided among other things that the co-executors were ''authorized whenever they deem it advisable to sell any of the personal property or real property that may be under their control at private sale and make such sales on whatever terms they may deem most advantageous.''

A copy of the receipt or memorandum referred to in the complaint, *supra,* was made an exhibit to and a part of the complaint, and provides: ''Pocahontas, Arkansas, March 5, 1945. Received from W. F. Perrin $100, payment on town lots, north Pocahontas, at a price of $1,500, known as the J. W. Price pasture lots. (Signed) Clifford Price, Executor.''

Appellant's prayer was that appellees as co-executors ''be required by this court to accept said purchase money and the balance due on the purchase price as aforesaid, and to execute to this plaintiff a conveyance of said property, and that said sale as aforesaid be specifically enforced by this court.''

The primary question for determination is whether the receipt or alleged contract, *supra,* evidencing the alleged sale of the lots in question, falls within the ban of the statute of frauds? We think, under former holdings of this court, that it does come within the ban and is unenforceable. Section 6059 of Pope's Digest provides: ''No action shall be brought, . . . to charge any person upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them . . . unless the agreement, promise or contract upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto property authorized.''

We think the memorandum or receipt in question here is totally lacking as to the time within which payment was to be made and the method and conditions of payment.

In the early case of *St. L., I. M. & S. Railway Co.* v. *Beidler,* 45 Ark. 17, this court held: (Headnote 1.) A memorandum of a transaction for the sale of land which does not show the terms and conditions of the sale, the price to be paid and the time for payment is not sufficient to satisfy the requirements of the statute of frauds."

This rule has many times been reaffirmed by this court. In the recent case of *Schuman* v. *Hughes,* 203 Ark. 395, 156 S. W. 2d 804, the following receipt or memorandum was relied upon by appellant as enforceable and not coming within the ban of the statute of frauds: "Property taxes. Feb. 16, 1940. Received from Charley Hughes five dollars on acct., 1113 W. 9th St. $5.00. Balance, $245.00. W. M. Kaplan." This court in that case held that it failed to satisfy the requirements of the statute, denied specific performance, and said: "The receipt or memorandum, *supra,* may not be relied upon to enforce specific performance of the alleged contract to sell for the reason that it does not embrace the terms and conditions of the alleged sale, the time and method of payment, and, therefore, is not sufficient to satisfy the requirements of the statute of frauds, § 6059 of Pope's Digest, and is unenforceable," and in the same volume of our reports, in *Tate* v. *Clark,* 203 Ark. 231, 156 S. W. 2d 218, where a receipt or memorandum in the following form was relied upon: "Little Rock, Arkansas, December 28th, 1940. I hereby accept from B. E. Tate twenty-five dollars ($25) as down payment on property located at 705 East 5th St., lots one and two, city of Little Rock, Arkansas. Balance of $425 to be paid when abstract and deed and all records are cleared and O.K.'d by B. E. Tate's atty. (Signed) A. J. Clark," this court said: . . . The alleged written memorandum of the contract does not embrace all the terms and conditions of the alleged sale without resorting to extrinsic evidence and is, therefore, prohibited by the statute of frauds and void. Being void and unenforceable for the reason that it is indefinite and

uncertain as to the terms and conditions of the sale, damages cannot be recovered for a breach thereof.

"The doctrine announced in the case of *St. L., I. M. & S. Ry. Co.* v. *Beidler, supra,* (45 Ark. 17) has been often reaffirmed by this court, and the case was specifically cited and reaffirmed in the case of *Briggs* v. *Frazer,* 157 Ark. 518, 249 S. W. 9."

We conclude, therefore, that the trial court did not err in sustaining appellant's demurrer, and accordingly the decree must be and is affirmed.