Wyatt v. Yingling.

4-8454                                      210 S. W. 2nd 122

Opinion delivered March 29, 1948.

Rehearing denied May 3, 1948.

*Gordon Armitage,* for appellant.

*Yingling & Yingling,* for appellee.

SMITH, J.   Appellants seek by this suit to enforce the specific performance of a contract to sell them a farm. Appellee has welshed on his contract, as the undisputed evidence shows the moral obligation to convey, but mere moral obligation to perform a contract does not suffice to grant the relief prayed.   The Statute of Frauds provides that "No action shall be brought  . . .  to charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them  . . .  unless some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized."

Justin W. Wyatt, appellant, the proposed purchaser, who was in military service, obtained a leave of absence to buy this farm, but before completing the purchase his leave of absence expired, and he returned to the service, but before returning, he executed a power of attorney to his wife, granting her full power and authority to conduct her husband's business during his absence.

Pursuant to this power, Wyatt's wife signed the following instrument:

"Agreement for Strawberry Crop.

"Whereas, the undersigned, Austin E. Yingling, party of the first part has on this day sold his farm to Justin W. Wyatt, party of the second part, and there is now a patch of strawberries growing on said land. It is hereby agreed by both parties that the said Austin E. Yingling shall have the right to harvest all strawberries produced by all berry plants now growing on the said lands during the spring and summer of 1946, and that Justin W. Wyatt shall have complete and full possession of said strawberry plants after the crop is harvested in spring of 1946.

"It is understood by both parties hereto that the title to said strawberry plants shall remain in Austin E. Yingling until the crop produced in 1946 shall have been harvested, and that full and complete title to said strawberry plants shall belong to said Justin W. Wyatt after the harvest of the 1946 crop is completed.

"Witness our hands this ........ day of September, 1945.

(Signed)

"Austin E. Yingling,

"Justin W. Wyatt."

It is not questioned that the power of attorney conferred upon Mrs. Wyatt the authority to execute this writing. But there was no other writing signed by either Wyatt or his wife relating to the purchase of the farm which could be said to comply with the requirements of the Statute of Frauds, and we think this writing insufficient for that purpose. If it be said that the writing sufficiently identifies the land to be sold, which we do not decide, it may be answered that it makes no reference to the terms of the sale. There is nothing to show the price for which the farm was to be sold, nor how and when the purchase price was to be paid.

In the chapter on Statute of Frauds, 49 Am. Jur., § 354, it is said: "It is not sufficient that the note or

memorandum express the terms of a contract; it is essential that it completely evidence the contract which the parties made by giving all of the essential terms. The writing must be such that all of the contract can be collected thereform; resort cannot be had to the terms of the oral contract to supply deficiencies in the memorandum. . . . A contract in writing which leaves some essential term therof to be shown by parol is only a parol contract, and is, therefore, not enforceable under the statute of frauds."*

This statement of the law accords with our recent case of *Perrin* v. *Price*, 210 Ark. 535, 196 S. W. 2d 766, and other opinions of this court on the subject there cited. In one of these, that of *Tate* v. *Clark*, 203 Ark. 231, 156 S. W. 2d 218, the headnote reads: "A contract for the sale of land which fails to show the terms and conditions of the sale, the price to be paid and the time for payment is not sufficient to satisfy the requirements of the statute of frauds."

It does not appear to be seriously contended that the writing above copied meets the requirements of the Statute of Frauds, but it is insisted that a deed was executed and delivered which does meet the requirements of that statute. The delivery or nondelivery of this deed appears to be the controlling question in the case. It is conceded that the deed in question does meet the requirements of the Statute of Frauds, but the court found on conflicting testimony that it had never been delivered.

Appellants argue that the delivery of the deed was admitted by a demurrer filed in the case, but we do not so interpret the demurrer. After a demurrer had been sustained to the original complaint, an amended complaint was filed which contained the allegation that the deed had been delivered. There was a demurrer to all of the complaint except to the allegation of delivery of the deed. This allegation was not subject to demurrer and it was not demurred to. But the failure to demur to that allegation cannot be treated as an admission of its truth. Had a demurrer been filed to this allegation, it would of

* Pope's Digest, § 6059.

course have been overruled for the reason that the deed would not only have complied with the Statute of Frauds, but if delivered, would have been an end to the lawsuit, as the title to the land would have passed on the delivery of the deed, if delivered for that purpose. The answer denied that the deed had been delivered, and there was thus raised the question of fact which controlled the decision of the court below and is controlling here.

Appellant Wyatt made application for a loan on the land in question for the purpose of raising the money to pay for the land. This application was made to the National Farm Loan Association, referred to as N. F. L. A., through one Ivan Gilliland, a local agent for that organization. An abstract of title was forwarded to the St. Louis office of the N. F. L. A. and after examination the title was approved, but a discrepancy in the description of the land appeared, and the loan agency called for a copy of the deed which appellee was to execute to appellants. A deed in proper form, was submitted to Gilliland for examination, which met his approval, and Gilliland requested that a copy be given him to be sent for examination in St. Louis. Later the original deed was delivered to Gilliland, but when delivered the portions of the deed containing the signatures of the grantors had been torn off, a fact which Gilliland admitted. However this emasculated instrument was returned to appellee on request. It was during the progress of the negotiations referred to that the contract set out above was executed by Mrs. Wyatt.

The testimony sustains the finding that there had been no delivery of the deed but a delivery only of a copy thereof, and this for the sole purpose of examination and not for the purpose of passing the title. Moreover appellee testified that the copy which he delivered to Gilliland for examination had not been signed or acknowledged and Gilliland would not state positively that it had been.

When all the details had been agreed upon and there remained nothing to do to consummate the sale except to deliver a deed to the property, appellee advised appel-

lants that he had decided not to sell the land, and refused to deliver the deed.

There having been no delivery of the deed it is unimportant that, if delivered, it would have fully complied with the Statute of Frauds. We said in the recent case of *Harris* v. *Dacus*, 209 Ark. 1031, 193 S. W. 2d 1006, that "Even when a paper is drawn up as the final obligation, it cannot, if retained by the party signing it and never delivered as his agreement, be made use of, even as a memorandum" complying with the Statute of Frauds.

There having been no delivery of any writing signed by appellee which would meet the requirements of the Statute of Frauds, the court properly denied specific performance, and the decree is therefore affirmed.

SMITH, C. J. and HOLT, J., dissent.