JOHNSON v. HICKEY.

5-3295                                              382 S. W. 2d 377

Opinion delivered September 21, 1964.

[Rehearing Denied October 26, 1964.]

*Williams & Gardner,* for appellant.

*Robert E. Erwin,* for appellee.

SAM ROBINSON, Associate Justice. The issue here is whether appellee, Anna S. Hickey, has the legal right and capacity to sell 26 acres of land to James Wallace, or is she legally obligated to sell it to appellants, her daughter and son-in-law, Beatrice and John Johnson. Mrs. Hickey has agreed to sell the land to Wallace, and appellants are attempting to prevent the consummation of the transaction.

The litigation was started by Mrs. Hickey as an action in ejectment to remove the Johnsons from the land where they were living at the time. The Johnsons set up equitable defenses and the case was transferred to chancery. The Johnsons claim that they have an option to purchase the land and, in addition, that due to Mrs. Hickey's alleged mental condition she does not have the mental capacity to make a valid conveyance to Wallace. After considering all the evidence, the Chancellor reached the conclusion that the Johnsons have no valid option to purchase, and that Mrs. Hickey is competent and has the mental capacity to make a valid conveyance. We agree with the Chancellor.

The property belonged to Mrs. Hickey's husband. After his death all the children joined in a conveyance to their mother, appellee herein. Later, Mrs. Hickey sold part of the land to her son, Robert Hickey, and at a still later date, sold the 26 acres here involved to appellants. Appellants purportedly paid her $500.00 and gave their promissory note in the sum of $1,300.00 for the balance of the purchase price.

At the time of the sale to the Johnsons, Mrs. Hickey was drawing a $30.00 per month welfare check. Upon receiving the $500.00 and the $1,300.00 note, the welfare payments to her were stopped. She prevailed upon the Johnsons to trade back so that the Welfare Department would resume the monthly welfare payments. The Johnsons reconveyed to Mrs. Hickey by warranty deed. The $500.00 which was supposed to have been paid as part of the purchase price in the first instance had been deposited in a joint account, and only $100.00 had been used for the benefit of Mrs. Hickey. Notwithstanding the fact that she had received only $100.00, she cancelled the $1,300.00 note, and in addition, gave the Johnsons a mortgage on the property to secure the payment of $750.00.

In February, 1953, Mrs. Hickey conveyed part of the original home place (not the part involved here) to her son and daughter-in-law, Robert E. and Lorraine Hickey, who in turn conveyed it to the Johnsons. Although the deed from Mrs. Hickey to Robert and Lorraine was executed in 1953, it was not filed for record until March, 1963, a long time after this litigation began. When filed for record it had printed on it the following clause: "With Option on Northwest Quarter of the Southwest Quarter of Section 26, Township 9 North, Range 22 West, containing 40 acres, more or less, to remain with heirs."

It is perfectly obvious from the deed, which was introduced in evidence as an exhibit, that the typewriter used in writing the clause purporting to grant an option was not the typewriter used in writing the other parts of the deed.

In a written opinion, the Chancellor found as a fact that Mrs. Hickey had not agreed to sell the land herein involved and that the testimony of appellants did not establish an enforceable contract. In Schuman v. Hughes, 203 Ark. 395, 156 S. W. 2d 804, the court said: A memorandum of sale of land that does not show the purchase price, the terms and conditions of the sale, the time for payment is not sufficient to satisfy the require-

ments of the Statute of Frauds. See also *Tate* v. *Clark,* 203 Ark. 231, 156 S. W. 2d 218; *Wyatt* v. *Yingling,* 213 Ark. 160, 210 S. W. 2d 122.

Appellants also contend that ·Mrs. Hickey is not mentally competent to make a valid deed to Wallace, and that she has been subjected to undue influence. Even if it could be said that appellants have the legal capacity to raise this point, little need be said in connection therewith. The preponderance of the evidence supports the Chancellor's finding that Mrs. Hickey is of sound mind and can execute a valid deed and that no undue influence was used.

Affirmed.