JONESBORO INVESTMENT CORP. *v.* CHERRY.

5-3644                                    396 S. W. 2d 284

Opinion delivered November 29, 1965.

*Edward L. Westbrooke,* for appellant.

*Gentry & Gentry, Dulaney & Dulaney,* Tunica, Mississippi, for appellee.

SAM ROBINSON, Associate Justice. This is a suit for specific performance filed by appellants, Jonesboro Investment Corporation and M. G. Spurlock, against appellees, James C. Cherry and his wife, Frances D. Cherry. The plaintiffs, appellants here, allege in the complaint that appellees offered to sell and convey a 2,400 acre plantation and equipment thereon to appellants for the consideration of $900,000; that appellants closed the contract by accepting the offer; that appellees breached the contract by refusing to convey the property. Appellees, Mr. & Mrs. Cherry, the property owners, demurred to the complaint on the ground that it shows on its face that the alleged contract is barred by the statute of frauds. The demurrer was sustained. The statute of frauds may be invoked by demurrer. *Stanford* v. *Sager,* 141 Ark. 458, 217 S. W. 458; *Moore* v. *Exelby,* 170 Ark. 908, 281 S. W. 671.

The pertinent part of the statute of frauds, Ark. Stat. Ann. § 38-101 (Repl. 1962) provides:

"No action shall be brought . . . to charge any person upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them . . . unless the agreement, promise or contract upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized."

To affirm the chancellor's action in sustaining the demurrer, the appellees contended that the statute of frauds is applicable because the property to be sold is not sufficiently described; that the memorandum or note relied on by appellants is not sufficient to take the contract to sell out of the statute of frauds insofar as appellants' alleged right to purchase is concerned; and that the written memorandum is not sufficient because

it does not show the terms and conditions of the sale and time for payment.

We need to discuss only one of the points involved, and that is the question of whether the alleged contract is barred by the statute of frauds because it does not state the conditions and terms of the sale and the time of payment. At first blush it would appear that there can be no valid objection to the contract on this ground. The sale price is given at $900,000 "to be paid according to the price and terms herein given." The price is stated but not the terms. The listing contract was prepared by filling in spaces on a listing contract form. That part of the contract form designated "terms," to be used in showing encumberances, the down payment, balance owed and how it was to be paid, was left blank.

Appellants argue that in a situation of this kind it is presumed the agreement is for the payment of the entire purchase price in cash and cites *Kempner* v. *Gans,* 87 Ark. 221, 111 S. W. 1123. This case does appear to sustain appellants' view. But there, apparently the court determined that the contract did provide for the terms and conditions of the sale. This court said: "The price was to be $35,500 payable $10,000 cash and the balance to be arranged to the satisfication of the owners."

Appellants also cite *Sturdivant* v. *McCorley,* 83 Ark. 278, 103 S. W. 732, as holding that where no time is "set for payment, the debt was, in law, payable on demand." In that case, ten years after a note was given showing no due date the question arose as to when it was due, and the court held that in the circumstances it was due on demand, and since it was due on demand, it was due immediately after it was signed and delivered. Hence, it was barred by the statute of limitations. The case is somewhat analogous to the situation here, but in view of many other decisions of this court it cannot be said to be controlling. In the Sturdivant case the money had been loaned, the note given, and the only question on this point was the due date. The statute of frauds was not involved.

All of our cases directly in point with the case at bar hold that the terms and conditions of the sale must be stated in the written memorandum in order to take the transaction out of the statute of frauds.

*Perrin* v. *Price,* 210 Ark. 535, 196 S. W. 2d 766, is in point. There, the memorandum in question provided: "Pocahontas, Arkansas, March 5, 1945. Received from W. F. Perrin $100, payment on town lots, north Pocahontas, at a price of $1,500, known as the J. W. Price pasture lots. (Signed) Clifford Price, Executor." We said: "We think the memorandum or receipt in question here is totally lacking as to the time within which payment was to be made and the method and conditions of payment."

In *Kromray* v. *Stobaugh,* 212 Ark. 377, 206 S. W. 2d 171, the court said: "In our recent case of *Perrin* v. *Price,* 210 Ark. 535, 196 S. W. 2d 766, we had occasion to discuss the essentials required of a memorandum to fulfill the Statute of Frauds. Some of our cases are reviewed therein. It may be true, as counsel state, that we have gone further than most courts, to require that all the essential provisions of the contract be in writing in order to satisfy the Statute of Frauds; but at all events, such is our holding, and to it we will adhere."

In *Wyatt* v. *Yingling,* 213 Ark. 160, 210 S. W. 122, this court quoted from 49 Am. Jur. 354 to the effect that it is not sufficient that the note or memorandum express the terms of a contract; it is essential that it completely evidence the contract which the parties made by giving all of the essential terms, and the court states: "This statement of the law accords with our recent case of *Perrin* v. *Price,* 210 Ark. 535, 196 S. W. 2d 766, and other opinions of this court on the subject there cited. In one of these, that of *Tate* v. *Clark,* 203 Ark. 231, 156 S. W. 2d 218, the headnote reads: 'A contract for the sale of land which fails to show the terms and conditions of the sale, the price to be paid and the time for payment is not sufficient to satisfy the requirements of the statute of frauds.' " To the same effects are the cases of *Schuman* v. *Hughes,* 203

Ark. 395, 156 S. W. 2d 804, and *Lindsey* v. *Hornady*, 215 Ark. 797, 223 S. W. 2d 768.

The listing contract on which appellants rely was made an exhibit to the complaint. As heretofore pointed out, it does not show the terms and conditions of the sale and the time of payment. The chancellor was, therefore, correct in sustaining the demurrer and dismissing the complaint.

Affirmed.