HOLT *v.* AMES

5-3745                                          398 S. W. 2d 687

Opinion delivered February 7, 1966

*Lester E. Dole, Jr.,* for appellant.

*Streett & Plunkett,* for appellee.

GEORGE ROSE SMITH, Justice. This is a suit by the appellee, Robert C. Ames, for specific performance of an option contract by which the appellant, J. L. Holt, assertedly bound himself to sell a parcel of land to Ames for $35,000.00. The appellant's main contention is that the option contract was not sufficiently definite and certain to be specifically enforceable. The chancellor rejected that defense and entered a decree granting the relief sought by the purchaser.

In the court below the defendant filed an answer denying all material allegations of the complaint. Such a denial casts upon the plaintiff the burden of proving a valid contract. *Purvis* v. *Erwin,* 167 Ark. 345, 268 S. W. 355 (1925); *Stanford* v. *Sager,* 141 Ark. 458, 217 S. W. 458 (1920).

We copy the only writing that was signed by the parties, or either of them:

## "OPTION TO BUY

"It is hereby agreed that Mr. J. L. Holt will give Robert Ames 120 day purchase option on his property at 642 Lincoln.

"The purchase price will be $34,500.00. Robert Ames will give Mr. Holt $1.00 for this 120 day option to purchase.

"Option beginning April 1, 1964 ending July 30, 1964.

"Signed: J. L. Holt

Robert Ames

Witness:

Eleanor Jackson"

The purchase price was actually $35,000.00, with Ames making an unrecited deposit of $500.00 earnest money. Holt concedes that if the option is unenforceable Ames is entitled to have the earnest money returned to him.

We are of the opinion that the appellant is right in his insistence that the contract lacks that degree of certainty which the law requires. The only description of the land, "his property at 642 Lincoln," is defective in two respects. First, although a description by a street address may in some instances be sufficient, *Creighton* v. *Huggins,* 227 Ark. 1096, 303 S. W. 2d 893 (1957), here the tract demanded by the purchaser includes other land lying next to 642 Lincoln and not embraced within the lot designated by that house number. Secondly, the memorandum does not indicate the city or town where the property is to be found. Hence the writing itself does not supply the necessary clue by which the land may be identified. *Miller* v. *Best,* 235 Ark. 737, 361 S. W. 2d 737 (1962).

The appellee contends that the defects in the option agreement were remedied by the seller's having submitted for the buyer's examination two abstracts of title that are said to contain an accurate description of the land. The abstracts were not signed by the seller, were not mentioned in the option agreement, and actually conflicted with that agreement in that the property described in the abstracts was not 642 Lincoln. The rule is that the written agreement must, without a resort to extrinsic evidence, embrace all the terms and conditions of the sale. *Tate* v. *Clark,* 203 Ark. 231, 156 S. W. 2d 218

(1941). Here it is impossible for the appellee to prove the contract without bringing extrinsic parol evidence into the record. That crutch is not available to him.

There is actually still another fatal omission in the option contract: It does not state the terms upon which the purchase price is to be paid. In *Jonesboro Inv. Co. v. Cherry*, 239 Ark. 1035, 396 S. W. 2d 284 (1965), we reaffirmed our earlier declarations that such an omission renders the contract unenforceable.

Reversed.

COBB, J., not participating.