MARY G. NORTON v. ROY HINDSLEY

4658                                         435 S.W. 2d 788

Opinion Delivered October 7, 1968
[Substituted opinion on rehearing delivered January 13, 1969, p. 966.]

*David Soloman* and *W. G. Dinning, Jr.* for appellant.

*Anderson & Anderson* for appellee.

PAUL WARD, Justice.    The prime issue is whether Mary G. Norton (land owner, and appellant here) entered into a valid lease with Roy Hindsley (lessee, and appellee here) for the years 1967, 1968, and 1969. The issue is further clarified by the pleadings—summarized below.

On February 13, 1967 appellant filed a complaint against appellee in circuit court, alleging in substance:

appellee is claiming right to possession of certain lands (described in detail), but is in unlawful possession of same; appellee unlawfully refuses to relinquish possession, and; appellant has been damaged in the sum of $500. The prayer was for a Writ of Unlawful Detainer; that she be given possession of said lands, and a judgment for $500.

In answer to above appellee alleged: that on or about November 1, 1966 he made a binding lease agreement with appellant for the years 1967, 1968, and 1969 for $15,000; that appellant accepted his rent notes for said amount, and; that appellee had been renting the land for the past twelve years and that, even if no new lease agreement was made, appellant had failed to give him proper notice of termination.

On May 10, 1967 appellant filed an amendment to her original complaint, alleging: appellee occupied the land for the year ending December 31, 1966 "under an oral one-year contract"; appellee was notified by mail on November 10, 1966 that "all rights of possession" terminated on the above date.

The issues were tried before a jury which found for appellee, and a judgment was so entered.

For a reversal appellant relies on two points which we now discuss.

*One.* "Appellee's actions, as a matter of law, did not take an oral lease for three years out of the operation of the statute of frauds." For reasons, mentioned below we do not agree with appellant.

In the first place, appellant did not plead the statute of frauds as required by many of our decisions. In *Smith* v. *Milam,* 195 Ark. 157 (p. 158), 110 S.W. 1062 we said:

"A sufficient answer to this is that the statute of fraud was not pleaded in the lower court and

cannot be interjected into the case for the first time on appeal.''

See also *Rogers* v. *Moss,* 216 Ark. 838, 227 S.W. 2d 630, and *Dunn* v. *Turner Hardware Company,* 166 Ark. 520, 266 S.W. 954. It is also pointed out that appellant asked the court (Inst. #2) to instruct the jury to find in her favor unless it found she ''did not sign a written agreement for the leasing of her lands''. This Instruction was refused, and we think properly so. There was no contention on the part of appellee that she signed anything. At any rate appellant does not here contend the court erred.

Furthermore, appellee offered testimony which, in substance, shows: he consulted with appellant in October of 1966 about renting the land for three years; that she was agreeable, and instructed him to prepare the rent notes; that he prepared the notes, signed them, and delivered them to appellant; that, relying on the agreement, he prepared ninety acres for cultivation, and; that he never heard anything further from appellant for some three weeks later. These issues of fact were submitted to the jury under appellant's own requested instruction no. 1 and appellee's instruction no. 2 which were given by the court.

*Two.* We also find no merit in this point which reads:

> ''The question of the good faith and bona fide intentions of the appellee in holding over after the expiration of his lease and after the required notice should have been submitted to the jury.''

So far as we can determine from the record this issue was, in general language, submitted to the jury. Certainly appellant asked for no specific instruction on this point. The trial court did refuse appellant's requested instruction no. 2 on the ground that the issue had al-

ready been covered in other instructions. We agree with the trial court.

Affirmed.

Fogleman, J., concurs.

George Rose Smith, Brown & Byrd, JJ., dissent.

John A. Fogleman, Justice. I concur in the result on both points, but there are matters contained in the majority opinion with which I do not agree.

I do agree that the question of the application of the statute of frauds was not properly raised in this case. The mere fact that appellee's contention that he held possession under a contract with appellant was first mentioned in his answer was no bar to a responsive pleading by the appellant asserting the statute of frauds. In spite of Ark. Stat. Ann. § 27-1131 (Repl. 1962), our procedure does provide for a means of pleading when an answer raises an issue which is neither a counterclaim nor a set-off. Section 27-1161 provides that a plaintiff may be allowed, on motion, to make a supplemental complaint or reply, alleging facts material to the case occurring after the filing of the former complaint, answer or reply. Section 27-1160 provides that the court may, at any time, in the furtherance of justice, and on such terms as may be proper, amend any pleadings by inserting other allegations material to the case. This court has held that it was an abuse of discretion on the part of a trial court to refuse to permit a plaintiff to amend his complaint to state a cause of action based upon facts first brought to the plaintiff's knowledge by the defendant's testimony. *Rogers Commission Co.* v. *Farmers' Bank of Leslie,* 100 Ark. 537, 140 S.W. 992. While it might be said that the material facts which might have made the statute of frauds applicable here occurred prior to the filing of the complaint, they became material only when the answer was filed.

When these two sections are read together, it seems clear that additional pleadings raising the statute of frauds could have been permitted. In *Cook* v. *Cave,* 163 Ark. 407, 260 S.W. 49, plaintiff brought an action in unlawful detainer and the defendant pleaded a new oral lease agreement with the plaintiff. This court held that a reply to the answer denying the new verbal agreement let in the defense of the statute of frauds. Although the opinion there refers to defendant's cross-action, it does not appear that the cross-section there was different in effect from the defense made by the appellee here, *i.e.,* a denial that the appellant was entitled to possession and an allegation that the defendant was entitled to possession. Thus, this is not a case in which there were no means available to appellant to plead the statute of frauds.

As a matter of fact, it seems to me that the issue might properly have been raised by a supplemental or amended complaint. After appellee's answer was filed, appellant did ask and obtain permission to amend her complaint to seek recovery of double damages under Ark. Stat. Ann. § 50-509 (Repl. 1947). No reason appears why permission to plead the statute of frauds was not sought at that time.

While I agree with the result reached on the first point, I do not agree that appellant failed to assert error on the part of the trial court on this point. The appellant specifically objected to a binding instruction given at the request of the appellee because it failed to take into account the statute of frauds. In appellant's argument on appeal, it is stated that instruction no. 2 is contrary to the holdings of this court and completely disregards the application of the statute of frauds.

As to point two, I can find nothing in the record that would indicate that the question of appellee's good faith and bona fide intention in holding over after the expiration of the contract for 1966 in the sense of §50-

509 was submitted to the jury. As a matter of fact, the trial court refused to give an instruction which I think should have been given under the testimony in this case. We could not well find this to be reversible error, however, because the jury found adversely to the appellant on the question of the existence of a lease covering the period during which appellant asserts that appellee held over willfully. Thus, there could have been no basis for the jury's consideration of § 50-509 since appellee was found to rightfully be in possession.

GEORGE ROSE SMITH, J., dissenting. I do not find either that there was a culpable failure to plead the statute of frauds or that the proof made a jury question on the issue of part performance.

First: The necessity for pleading the statute. It is settled that when the plaintiff brings suit upon a contract that is required by the statute to be in writing, and the defendant files a general denial, the burden is thereby cast on the plaintiff to prove a valid contract. Hence the defendant's denial is in itself a sufficient plea of the statute of frauds. *Holt* v. *Ames*, 240 Ark. 218, 398 S.W. 2d 687 (1966); *Purvis* v. *Erwin*, 167 Ark. 345, 268 S.W. 355 (1925); *Stanford* v. *Sager*, 141 Ark. 458, 217 S.W. 458 (1920).

Here we have substantially the same situation, except that it was the defendant who first alleged a contract that is required to be in writing. In response to the complaint in unlawful detainer the defendant asserted that he had a valid three-year lease. Under the statute, such a contract must be in writing. The plaintiff was not required to file a reply denying the allegations in the answer, because a reply is permitted only if the defendant files a counterclaim or set-off. Ark. Stat. Ann. § 27-1131 (Repl. 1962). Hence, as we held by implication in *Dunn* v. *Turner Hdw. Co.*, 166 Ark. 520, 266 S.W. 954 (1924), where there *was* a counterclaim, Mrs. Norton was not required to file a reply to Hindsley's answer.

There is yet another reason why the appellant ought not to be penalized for failure to plead the statute. In the *Stanford* case, *supra,* the complaint asserted a valid contract, and the answer denied it; so the burden of proof was cast on the plaintiff. But we went on to point out a second reason for excusing the defendant from pleading the statute, saying:

> The appellee Sager denied specifically all the allegations of the complaint. This was sufficient to put the burden upon the appellants of proving a contract which in equity entitled him to specific performance. *The record shows that in the development of the testimony the Statute of Frauds was in issue. It was treated by the parties as in issue, and the court, it appears, determined the question of specific performance purely on that issue.* (*Italics supplied.*)

In the case at hand we have the same situation. Both attorneys knew that the statute of frauds was in issue. The defendant was not misled, because he offered proof of part performance, thereby squarely meeting the issue. The trial court refused the plaintiff's requested instructions on the statute of frauds, not because the statute had not been pleaded but because the court "is of the opinion that the writing in this case . . . is sufficient to take this matter out of the statute of frauds." Even on this appeal the appellee's brief does not contain one syllable suggesting that there was any failure on the part of the appellant to plead the statute. In my opinion the injection of this issue into the case by the majority members of the court, on their own motion, is markedly unfair to the appellant and to her counsel.

Secondly, I do not agree that the appellee's proof made a question of fact on the issue of part performance. All he says is that in December he plowed up 90 acres of the land in the belief that he had a contract for the ensuing three years. Under our decisions the mere

breaking of the ground is not such a valuable and permanent improvement as to take the case out of the statute. *French* v. *Castleberry*, 238 Ark. 1038, 386 S.W. 2d 482 (1965). *Ashcraft* v. *Tucker*, 136 Ark. 447, 206 S.W. 896 (1918).

I would reverse the judgment.

BROWN and BYRD, JJ., join in this dissent.